Antoinett STEWART, Plaintiff,

v.

William N. SLAUGHTER,
et al., Defendants.

No. 3:93–cv–95 (WDO).

United States District Court,
M.D. Georgia,
Athens Division.

March 14, 1996.

Barry Gordon Irwin, Athens, GA, for plaintiff.

H. Clifton Cobb, Atlanta, GA and James Ernest Hudson, Athens, GA, for defendants.

### ORDER CERTIFYING PLAINTIFF CLASS

OWENS, District Judge.

The court held a status conference in *Harrison v. Bland*, 3:95cv120, formerly the lead

case in a consolidation of cases brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* After the status conference, the court deconsolidated *Harrison* and its more than fifteen member cases but reconsolidated three of *Harrison's* former member cases—this case (3:93cv95); *Schimmel v. Slaughter,* 3:94cv60; and *Schmidt v. Slaughter,* 3:95cv5—for the sole purpose of hearing and deciding the following issue: whether defendant William Slaughter's modus operandi—whereby he, *inter alia,* purports to act as attorney for the Credit Bureau of Athens during the process of collecting debts—is itself a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

Having reconsolidated this case with *Schimmel* and *Schmidt* for the purpose of deciding that issue, the court now finds that certification of a plaintiff class relative to this issue is most appropriate under FED.R.CIV.P. 23. Rule 23 provides that class certification is warranted under the following conditions: (1) the class is so numerous that joinder of all members is impracticable, (2) there must be a question of law and/or fact common to all class members, (3) the representative plaintiffs' claims must be typical of the claims of the class, and (4) the representative plaintiffs will fairly and adequately protect the interests of the class. FED.R.CIV.P. 23(a). In addition to these preconditions, "the prosecution of separate actions by or against individual members of the class [must] create a risk of ... inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class...." FED.R.CIV.P. 23(b)(1)(A).

### ALLEGATIONS

The representative plaintiffs have alleged that defendant William Slaughter's modus operandi, *inter alia,* violates the FDCPA. Slaughter is the majority owner of the Credit Bureau of Athens ("CBA"), and his occupation is to serve as the chief executive officer for CBA. From his office within the CBA Slaughter manages the day to day operations of the CBA, a business engaged in the collection of debts assigned to it by others.

Within the collections division of CBA, collection agents employ successive computer-generated notices to persuade account debtors to pay on their account. These notices indicate by their letterhead that they are being sent by the CBA, and identify the particular collection agent by name. When these methods prove to be ineffectual, a collection agent will prepare a letter for Slaughter's signature. This letter is sent on letterhead purporting to be that of William Slaughter, Attorney at Law. The first paragraph of a typical letter begins: "As attorney for the Credit Bureau of Athens, Inc., this account has been turned over to me for collection. My office brings approximately one hundred suits per month to collect accounts for the Credit Bureau. Don't be one of the hundred." *Stewart* complaint, exh. A.

Plaintiffs contend that these letters, through which Slaughter seeks to create the impression that he is an independent, practicing attorney, constitute a deception actionable under the FDCPA. Apart from the question of whether the specific contents of Slaughter's letters violate the FDCPA in some way, plaintiffs argument is that the letter improperly suggests that the account has been referred to an independent, practicing attorney for more advanced collection efforts. According to plaintiffs, the falsehood lies within Slaughter's representations about himself. Although Slaughter graduated from law school in 1963 and is a member of the State Bar of Georgia, plaintiffs would show *inter alia* that Slaughter: (1) does not list himself in either the yellow or white pages of the Athens phone book as an attorney; (2) does not maintain the minimum annual CLE requirements of the State Bar of Georgia; (3) does not actually try cases in which an account debtor files an answer; (4) does not maintain a legal staff apart from CBA employees; (5) does nothing more than sign his name on letters to and complaints against account debtors; and (6) has no "practice" other than by reason of his ownership and management of the CBA.

### CLASS DEFINITION

As noted, the question is whether this method of operation—whereby Slaughter

holds himself out as an independent attorney for the purpose of collecting debts—is a violation of the FDCPA. Slaughter himself suggests that the reason he writes the letter in which he claims to be attorney for the CBA is that prior letters—letters from the CBA—"don't get any results. And we try another letter." Whether the impression created by Slaughter, *i.e.*, that he is an independent attorney authorized to bring suit, is duplicitous and a violation of the FDCPA is a question common to all those persons receiving letters from Slaughter.

■ The plaintiff class shall consist of those persons having received a communication on or after June 24, 1993, from William N. Slaughter relative to his efforts in conjunction with the Credit Bureau of Athens to collect debts.[1] The class definition exists without prejudice to the right of either party to suggest to the court upon further discovery that the class should be limited, expanded, or divided into subclasses. FED.R.CIV.P. 23(c)(1) and 23(c)(4)(B).

## SATISFACTION OF RULE 23

■ **Numerosity.** "Where joinder as an alternative to class action would be impracticable, the numerosity requirement of Rule 23(a) is satisfied. * * * [C]ourts have adopted the view that class membership in the hundreds renders joinder impracticable...." *Coleman v. Cannon Oil Co.*, 141 F.R.D. 516, 521 (M.D.Ala.1992).

■ Slaughter admits that he still brings about one-hundred suits per month, and has been operating in this manner for a number of years. Slaughter began using outside attorneys to try cases once they were filed more than fifteen years ago. The numerosity requirement is, in the court's considered judgment, satisfied.

■ **Common Question.** "The commonality requirement of Rule 23(a) does not require that identical questions of law or fact are common to the class, only that the issue of liability is common. * * * The requirement is met if the questions linking the class member are substantially related to the resolution of the litigation even though the individuals are not identically situated. * * * Rule 23(a)(2) may be satisfied if common questions of liability are present despite individual differences in damages." *Coleman v. Cannon Oil Co.*, 141 F.R.D. 516, 521 (M.D.Ala.1992) (internal quotation marks omitted).

■ In the matter *sub judice*, liability is common to all class members, *viz.*, those persons actually receiving a letter from William Slaughter by which he holds himself out as attorney for the CBA in an effort to collect a debt within the meaning of the FDCPA. The FDCPA is a strict liability statute, *see Woolfolk v. Van Ru Credit Corp.*, 783 F.Supp. 724, 725 (D.Conn.1990), so that whether or not the person was actually duped is irrelevant. Liability in all cases would be measured by the "least sophisticated consumer" standard. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). In the court's best judgment, the commonality requirement is met.

■ **Typicality of Claims.** The interests of the class representative must be "typical" of the class, and he or she must assert essentially the same claim as is held by class members. *Coleman v. Cannon Oil Co.*, 141 F.R.D. 516, 522 (M.D.Ala.1992). The representative's claim need only be sufficiently similar to those asserted by putative class members "to allow the court to conclude that (1) the representative will protect the interests of the class, and (2) there are no

1. The class' commencement date of June 24, 1993, is arrived at by looking to the date on which the complaint was filed in *Schimmel v. Slaughter*, 3:94cv60—June 24, 1994. The one-year statute of limitations provided for in the FDCPA limits class members to those having received such a communication one year prior to the date on which Ms. Schimmel filed her complaint. Contrary to defendant's suggestion, the court does not look to the date of class certifica-

tion as the time from which to measure the one-year statute of limitations. If that were the case, Ms. Schimmel's claim would itself be exempt from the class. *Compare American Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). *See also Duran v. Credit Bureau of Yuma, Inc.*, 93 F.R.D. 607, 610 (D.Ariz.1982) ("Commencement of a class action suspends the applicable statute of limitations as to all *potential members* of the asserted class.").

antagonistic interests between the representative and the proposed class." *Id.*

██ Two of the three plaintiffs here received a letter by which Slaughter held himself out as an independent attorney for CBA threatening to take legal action if the debt remained unpaid. A third plaintiff received a letter from Slaughter, again claiming to be attorney for CBA, informing that plaintiff that his check to CBA was returned for insufficient funds, and that failure to correct the error would result in civil action being taken against him. The court is not aware of any other species of account debtor that might have received a letter from Slaughter. These three plaintiffs satisfy the typicality requirement as described above.

██ **Class Interests Protected.** The "typicality" inquiry is largely duplicative of the "representativeness" requirement that named plaintiffs will adequately represent and protect interests of the class members. *Coleman v. Cannon Oil Co.,* 141 F.R.D. 516, 522 (M.D.Ala.1992). Accordingly, for the same reasons that the court found the typicality requirement satisfied, so too is the requirement that the plaintiffs will protect class members' interests.

██ **Risk of Inconsistent Adjudications.** Class actions are appropriate under Rule 23(b)(1)(A) when "actions by or against a class provide a ready and fair means of achieving unitary adjudication." 7A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1773 (1986). This would encompass "cases in which the party is obliged by law to treat the class members alike...." *Id.*

Here, the FDCPA imposes a uniform standard of conduct on Slaughter with respect to all class members. Whether Slaughter has violated that standard of conduct is the question for decision. As such, the court finds that the Rule 23(b) prong of the class certification test is satisfied.

### CONCLUSION

Defendant Slaughter has functioned in this manner since at least June 1993. The court has grave concerns regarding the legality *vel non* (under the FDCPA) of holding oneself out as an independent attorney to give the appearance that the debt collection process has reached a critical level, especially when viewed in light of the least sophisticated consumer standard. Certification of a plaintiff class that includes all persons who might have an FDCPA claim based on this particular conduct is the superior means by which to proceed in this case. The other issues in each individual case shall progress as normal.

**SO ORDERED.**