Marijo PITTMAN, Plaintiff,

v.

J.J. MAC INTYRE CO. OF NEVADA, INC., Defendant.

No. CV–S–95–901–LDG (RLH).

United States District Court, D. Nevada.

March 24, 1997.

Mitchell D. Gliner, Las Vegas, NV, for Plaintiff.

Earl Monsey, Monsey & Andrews, Las Vegas, NV, Clark Garen, Riverside, CA, for Defendant.

## ORDER

GEORGE, Chief Judge.

This matter comes before the court on defendant's motion to dismiss pursuant to Rule 12(b), motion for a more definitive statement, and motion to strike (# 13). Plaintiff opposed (# 14) and defendant replied (# 15).

## I. Background

Sometime in 1989, plaintiff Marijo Pittman ("Pittman") and her husband, Melvin Pittman ("Mr.Pittman"), obtained a loan from Boulder Dam Credit Union ("Boulder") in the amount of approximately $1,500.00. Apparently, the Pittman's defaulted on the loan and Boulder turned the account over to Wild West Collection Agency ("Wild West"). In June 1992, the defendant, J.J. Mac Intyre Co. of Nevada, Inc. ("J.J. Mac Intyre" or "defendant"), bought certain assets of Wild West, including the right to re-solicit assignment of the Pittman's account. Thereafter, defendant began attempting to collect on the Pittman's debt to Boulder. The first contact between the plaintiff and the defendant occurred on June 6, 1992. Plaintiff alleges that the defendant's subsequent and continuous efforts to collect on the debt violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, plaintiff alleges that the defendant violated §§ 1692c, 1692d, 1692e and 1692f. In addition, plaintiff asserts a pendant state law cause of action under the doctrine of invasion of privacy. The defendant now moves this court to dismiss the plaintiff's action under Fed.R.Civ.P. 12(b) for lack of subject matter jurisdiction, failure to state a claim, and failure to join Wild West and Boulder as necessary and indispensable parties.

## II. Analysis

### A. Motion to Dismiss Standard

For the court to dismiss a complaint or claims pursuant to Federal Rule of Civil Procedure 12(b), "it must appear to a certainty that plaintiff would not be entitled to relief under any set of facts that could be proved." *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir.1990)(citing *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 773 (1986)). Further, "[a]ll allegations of material fact must be taken as true and construed in the light most favorable to the non-moving party." *Id.*

As a preliminary matter, the court will decide the instant motion by looking only to the complaint and those exhibits attached to specifically referenced in the complaint. Because the court may properly consider these materials in ruling on a Rule 12(b)(6) motion to dismiss, the court will not convert the instant motion to dismiss into a motion for summary judgment. *See Fecht v. Price Co.*, 70 F.3d 1078, 1080 n. 1 (9th Cir.1995),

### B. Statute of Limitations

Defendant argues that all but three of the communications between it and the plaintiff are not actionable under the FDCPA because they occurred outside the one-year statute of limitations provided in the Act. *See* 15 U.S.C. § 1692k(d) (stating that actions to enforce liability under the FDCPA must be brought "within one year from the date on which the violation occurs"). The plaintiff has conceded as much and asserts that her cause of action under the FDCPA is based only on those three communications by the defendant that occurred within one year of filing her original complaint. The original complaint was filed on September 20, 1995. Therefore, any claims based on allegedly illegal communications by the defendant prior to September 21, 1994 are time-barred. However, the illegal communications alleged in the supplemental complaint occurred on January 31, 1995, September 7, 1995, and September 25, 1995. These communications fall within the one-year limitations period. Thus, the statute of limitations does not preclude this court from asserting jurisdiction over the instant action.

### C. Failure to State a Claim

Defendant argues that Pittman has failed to state a claim upon which relief can be granted and, therefore, that this court should dismiss the plaintiffs action under Rule 12(b)(6). The court will address each of the alleged violations separately to determine whether the plaintiff would not be entitled to relief under any set of facts that could be proved. If Pittman could be entitled to relief under the facts alleged, the plaintiff's complaint survives the defendant's motion to dismiss.

#### i. Violation of § 1692c

■ Plaintiff alleges that the defendant violated § 1692c of the FDCPA. Section 1692c provides that a debt collector, without prior consent of the consumer or express permission of a court of competent jurisdiction,

> may not communicate with a consumer in connection with the collection of any debt—
>
> > (1) *at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.* In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location; [or]
> >
> > . . . .
> >
> > (3) *at the consumer's place of employment* if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c(a)(1) (emphasis added). Pittman alleges that on January 31, 1995, the defendant called her at her place of employment in effort to collect on the debt. The defendant's own account summary states that Pittman told the defendant that she could not talk at work. Pittman alleges that she had told this to the defendant many times prior. Notwithstanding the warning on January 31, 1995, and the alleged warnings on prior occasions, the defendant called the plaintiff again on September 7, 1995 at her place of employment to collect on the debt. This court finds that under this set of facts, plaintiff could be entitled to relief for the defendant's alleged violation of § 1692c.

#### ii. Violation of § 1692d

■ Plaintiff also alleges that the defendant violated § 1692d of the FDCPA which prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Plaintiff alleges that any of the three communications at issue

constitutes a violation of this provision. Because we have already determined that plaintiff possibly could prevail on a claim under § 1629c for "inconvenient" communication directed at the plaintiff's place of employment, plaintiff also could show, given the facts presented, that the defendant's calls on January 31, 1995 and September 7, 1995 to Pittman's work place were abusive and made for the purpose of harassment. *See Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507, 1516, 1516 n. 10 (stating that the same factual situation that supports a violation under § 1692c may support a violation under § 1692d). Furthermore, while the statute of limitations renders those specific communications between the defendant and the plaintiff prior to September 21, 1994 inactionable, evidence of these prior communications would certainly be relevant to establishing whether the calls occurring within the limitations period were part of an abusive or harassing pattern. Thus, this court cannot say as a matter of law that the plaintiff could not prevail on her § 1692d claim.

#### iii. Violations of §§ 1692e and 1692f

Plaintiff further alleges that she arranged with Boulder, the original creditor, to make payments directly to Boulder, thereby bypassing the defendant's collection agency. On August 14, 1995, plaintiff satisfied her debt directly with Boulder and obtained a letter from Boulder, dated September 11, 1995, indicating that the debt had been settled in full. Plaintiff alleges that the defendant's phone calls on September 7, 1995 and September 25, 1995, in which the defendant made further attempts to collect on the fully satisfied debt, violated §§ 1692e(2)(a), (10) and 1692f of the FDCPA. Section § 1692e(2) prohibits a debt collector from engaging in "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Subsection (2)(a) specifically prohibits "[t]he false representation of the character, amount, or legal status of any debt[.]" Similarly, § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

■ The defendant's primary argument is that it cannot be held liable for violation of these sections because the defendant had no knowledge that the plaintiff had satisfied the debt with the original creditor. However, the defendant's argument becomes inconsistent at this point. First, the defendant claims it had no knowledge that Pittman satisfied the debt with Boulder. Then defendant argues that even if the plaintiff satisfied the debt with Boulder, such satisfaction was a "compromise" of the balance owed and interest was still outstanding.

■ The circumstances surrounding the defendant's alleged illegal communications are as follows: First, defendant's own account summary has multiple entries stating that the plaintiff was making payments directly to Boulder. Second, the same account summary shows that the defendant was aware that payments made directly to Boulder were not being reported to the defendant collection agency. Third, during the defendant's September 7, 1995 telephonic communication with the plaintiff, the plaintiff informed the defendant that the debt had been paid in full. Remarkably, at this point, the account summary shows no attempt to verify with Boulder whether the debt was in fact satisfied. Instead, the defendant called the plaintiff's residence again on September 25, 1995 in a further attempt to collect on the debt. Under these circumstances, the court cannot conclude that the defendant's purported lack of knowledge of the debt's satisfaction is a defense to plaintiff's claims under §§ 1692e and 1692f. The FDCPA is a strict liability statute. *See Kuhn v. Account Control Technology, Inc.,* 865 F.Supp. 1443, 1450 (D.Nev.1994). The defendant's representation to the plaintiff that a debt was still owed, whether such debt balance was attributable to unpaid interest or otherwise, was false. The debt had been satisfied with the creditor and, therefore, no debt existed. Whether the defendant had actual knowledge of the satisfaction prior to making further attempts to collect goes to the defendant's culpability. There is no requirement under § 1692e that false representations be intentional to be actionable. Furthermore, under these circumstances, a trier of fact could conclude that the conduct of the defendant was "unfair or un-

conscionable" under § 1692f. Because the FDCPA is a strict liability statute, the defendant's culpability is a consideration only in computing damages under the FDCPA. *See* 15 U.S.C. § 1692k(b).

■ The defendant argues that § 1692g(b) requires that the plaintiff give written notice to the defendant stating that the debt was disputed. The defendant argues that only such written notice can provide it with the actual knowledge that the debt had been settled. This court finds that § 1692g does not apply in these circumstances. Section 1692g applies only to the initial communication between a debt collector and an alleged debtor. The provision provides the debtor with the right to obtain written verification that a debt is outstanding and to dispute liability for any or all of the debt. In contrast, the communications at issue in the present suit had progressed far beyond the initial dispute procedure contemplated by § 1692g.

### C. Failure to Join an Indispensable Party

■ Defendant's assertion that Pittman's complaint should be dismissed under Fed. R.Civ.P. 19 for failure to join an indispensable party is without merit. The court finds that complete relief can be afforded among the parties present. Furthermore, as between the plaintiff and Boulder, there is no dispute over the debt. It has been satisfied. The defendant argues that it may have a cause of action against Boulder, the Pittman's creditor, if the defendant is found liable under plaintiff's claims. However, the defendant has not cross-claimed as of yet. Furthermore, whether the defendant cross-claims against a party is of no concern to the plaintiff.

### D. State Law Cause of Action for Invasion of Privacy

■ Finally, Pittman alleges a cause of action under Nevada law for invasion of privacy. This court has previously held that in the context of actions alleging illegal debt collection practices, a plaintiff has a cause of action under Nevada law for invasion of pri-

vacy where a plaintiff can show "unreasonable intrusion upon her seclusion." *Kuhn v. Account Control Technology, Inc.,* 865 F.Supp. 1443, 1447–48 (D.Nev.1994)(citing *PETA v. Berosini, Ltd.,* 110 Nev. 78, 867 P.2d 1121, 1130 (1994)). "To recover for the tort of intrusion, a plaintiff must prove the following elements: (1) an intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that would be highly offensive to a reasonable person." *Id.* Also, in order to recover under this tort, the plaintiff must have an actual and objectively reasonable expectation of seclusion or solitude. *Id.* (citation omitted). This case is similar to *Kuhn* in that the focus of the intrusion claim is on the repeated phone calls by the defendant to the plaintiff's work. As in *Kuhn,* the court now finds that Pittman "had a reasonable expectation of privacy at her work during the working hours that arises from a desire to be left alone to perform the duties for which she was hired." This court further finds that, based on the evidence presented, plaintiff could prevail on her claim of invasion of privacy.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY ORDERED that defendant J.J. Mac Intyre Co., Inc.'s motion to dismiss (# 13) is DENIED.

### *STIPULATION FOR DISMISSAL*

Pursuant to F.R.C.P. 41(a)(1)(ii) and local rule 7–1(b) it is hereby stipulated by the parties hereto that the above-entitled matter be dismissed with prejudice, each party to bear its costs and attorney's fees.