Andrew KAPLAN, on behalf of himself and all others similarly situated, Plaintiffs,

v.

ASSETCARE, INC., Equifax Credit Information Services, Inc., Columbia/HCA Healthcare Corporation, Miami Beach Healthcare Group, Ltd., and Columbia Aventura Hospital & Medical Center, and Does 1 through N, Defendants.

No. 99–412–CIV.

United States District Court, S.D. Florida.

March 14, 2000.

Gerald F. Richman, West Palm Beach, FL, Lance A. Raphael, Chicago, IL, for Plaintiffs.

William King Hill, Steel Hector & Davis, Miami, FL, for Columbia/HCA Healthcare Corp., defendant.

William G. Burd, Burd Lozano & Zacherl, L.L.P., Miami, FL, for ERMS, defendant.

Michele Leneve McNichol, Katz Barron Squitero Faust & Berman, Miami, FL, for Assetcare, Inc., Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

GOLD, District Judge.

THIS CAUSE is before the court upon three Motions to Dismiss filed by the defendants: Defendant Assetcare, Inc.'s Motion to Dismiss Plaintiff's First Amended Class Action Complaint [D.E. 31], Defendants Columbia Healthcare Corp.'s and Miami Beach Healthcare Group, Ltd.'s Motion to Dismiss First Amended Complaint [D.E. 33], and Defendant Equifax's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint [D.E. 64]. Because plaintiffs' Second Amended Complaint merely added Equifax as a defendant, alleging that Equifax was a debt collector and committed the same statutory violations as Assetcare, the remaining defendants were not required to file another answer, and their motions to dismiss the first amended complaint will be considered as filed against the second amended complaint. The defendants seek to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Pro-

cedure, contending that the plaintiffs have failed to state a claim upon which relief can be granted. In addition, the defendants argue that the plaintiffs' action is barred by the statute of limitations governing such claims and that this court should decline to exercise supplemental jurisdiction over the state claims.

Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331, as arising under federal law, and 28 U.S.C. § 1367, supplemental jurisdiction. The Second Amended Complaint contains three counts. Count I alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by Assetcare, Inc. ("Assetcare"), Equifax Credit Information Services, Inc. ("Equifax"), and Does 1 through N. Count II, also brought against Assetcare, Equifax, and Does 1 through N, alleges violation of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 to 559.785 ("FCCPA"). Count III seeks declaratory and other relief for violations of Section 641.315(3) of the Florida Insurance Code against Columbia Aventura Hospital and Medical Center ("Columbia Aventura"), Miami Beach Healthcare Group, Ltd. ("Miami") and Columbia/HCA Health Care Corporation ("Columbia/HCA"). After careful consideration of the arguments of the parties, a review of the record and applicable case law, and being otherwise informed in the matter, the court concludes that defendants' motions should be GRANTED IN PART AND DENIED IN PART. The motions will be denied with respect to Counts I and II of the complaint, and granted with respect to Count III.

## I. Factual Background

For purposes of this order, the facts and inferences raised in the Amended Complaint are assumed to be true and are viewed in the light most favorable to the plaintiffs. Those facts are set forth as follows.

---

**1.** Paragraph references refer to Plaintiff's Second Amended Complaint unless otherwise

Some time before January 21, 1998, the plaintiff, Andrew Kaplan, received medical treatment at Columbia Aventura (¶ 37).[1] The treatment plaintiff received was covered, at least in part, by an HMO health care plan plaintiff ·held with Sunrise Healthcare, which had a billing arrangement with Columbia Aventura (¶ 37–39). By virtue of that contractual billing arrangement, Sunrise Healthcare owed Columbia Aventura $4,453.67 for the services rendered to plaintiff (¶ 40). Some time before December 9, 1997, Columbia Aventura, Miami, and Columbia/HCA attempted to collect that debt (¶ 45).

None of the defendants or their representatives informed plaintiff of any deductible or co-payment obligation, and he has met his deductible and co-payment obligations under the HMO agreement (¶ 41–42). Plaintiff subsequently received a letter dated December 9, 1997, from Columbia Aventura in which it attempted to collect money from him for the medical services purportedly covered by his HMO, specifically $4,453.67 (¶ 46–47). Columbia Aventura, Miami, and/or Columbia/HCA sent an account for collection to Assetcare, a debt collection service (¶ 49; 6). Plaintiff received letters from Assetcare demanding payment, in excess of plaintiff's co-pay or deductible, for medical services Columbia Aventura rendered to plaintiff, dated January 21, 1998, March 23, 1998, May 15, 1998, and June 29, 1998 (¶ 50–54). Plaintiff also received a letter from Equifax attempting to collect the same alleged debt, dated September 25, 1998 (¶ 55).

Plaintiff's alleges that defendants' attempts to collect money for the services violated Section 641.315(3) of the Florida Insurance Code, which states:

No provider of services or any representative of such provider shall collect or attempt to collect from an HMO subscriber any money for services covered by an HMO and no provider or repre-

indicated.

sentative of such provider may maintain any action at law against a subscriber of an HMO to collect money owed to such provider by an HMO.

Fla. Stat. § 641.315(3). That violation, in turn, is alleged to be the basis for violations of the FDCPA and FCCPA.

## II. Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal of a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir.1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). On a motion to dismiss, the Court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the non-moving party. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.1994). A very low sufficiency threshold is necessary for a complaint, or counterclaim, to survive a motion to dismiss. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985) (citation omitted). Moreover, a complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *M/V Sea Lion v. Reyes*, 23 F.3d 345, 347 (11th Cir.1994) (citation omitted). However, a plaintiff must do more than merely "label" its claims. *See Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla.1996). Dismissal is appropriate only when no construction of the factual allegations of a complaint will support the cause of action. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993) (citation omitted).

## III. Discussion and Analysis

### A. Count 1

Count I of the Second Amended Class Action Complaint alleges violations of the FDCPA against Assetcare and Equifax. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Plaintiffs allege that the following sections of the FDCPA have been violated:

§ 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \* \* \* \*

(2) The false representation of—

(A) the character, amount, or legal status of any debt;

\* \* \* \* \* \*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\* \* \* \* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

\* \* \* \* \* \*

§ 1692f. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. §§ 1692e and 1692f. If a consumer debt collector violates the FDCPA, the debt collector may be subject to civil liability. 15 U.S.C. § 1692k. Pursuant to the FDCPA, the debt collector could be held liable for damages actually sustained by the injured person, additional statutory damages, and costs and attorney's fees incurred. *Id.* The Eleventh Circuit judges whether a debt collector's practices are false, deceptive, or misleading from the point of view of the "least sophisticated consumer." *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir.1985).

### 1. Statute of Limitations

 As a preliminary matter, the court finds that Defendant Assetcare's assertion that the claim is time-barred under the FDCPA is without merit. Section 1692k(d) provides that actions to enforce liability under the FDCPA must be commenced within one year from the date on which the violation occurs. The complaint alleges that plaintiff received dunning letters from Assetcare dated January 21, 1998, March 23, 1998, May 15, 1998, June 5, 1998, and June 29, 1998. *See* Second Amended Class Action Complaint, ¶ 52 and 54. Plaintiff's initial complaint was filed on February 16, 1999, more than one year after the mailing of Assetcare's first letter, but less than one year after the other four letters.

Assetcare contends that the core of plaintiff's complaint is that Assetcare sought to collect a debt in violation of Florida's Insurance Code, and that there is therefore no "new" violation every time a letter is sent to the plaintiff. Plaintiff has conceded that his action is time-barred as to Assetcare's January 21, 1998 letter, but argues that the statute of limitations does not bar this court from asserting jurisdiction based on the later communications.

This issue has not been directly addressed by the Eleventh Circuit, and most courts that have considered Section 1692k(d) have done so in the context of whether the limitation period begins when an allegedly violative letter is mailed or received. *See, e.g., Maloy v. Phillips,* 64

F.3d 607 (11th Cir.1995). However, the district court's decision in *Pittman v. J.J. MacIntyre Co. of Nevada, Inc.,* 969 F.Supp. 609 (D.Nev.1997) is instructive. In *Pittman,* the district court was faced with a situation in which some of the allegedly actionable communications that occurred were clearly time-barred and some were not. *Pittman,* 969 F.Supp. at 611. The court asserted jurisdiction and allowed the case to go forward based only on the communications that fell within the statutorily permitted time period. *Id.* Similarly, this court may assert jurisdiction over plaintiff's claims in this case based on the non-time-barred letters.

The cases cited by Assetcare, *Sierra v. Foster & Garbus,* 48 F.Supp.2d 393 (S.D.N.Y.1999) and *Calka v. Kucker, Kraus & Bruh,* 1998 WL 437151 (S.D.N.Y. 1998) are distinguishable. *Sierra* involved an alleged violation of the FDCPA for trying to collect attorneys' fees with a debt. *Sierra,* 48 F.Supp.2d at 394. The court found that serving a summons and complaint after an allegedly violative settlement was reached did not constitute a continuing violation, while stating that "This is not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred." *Id.* at 395. At this stage of the proceedings, it appears that this case falls within the *Sierra* court's self-proclaimed exception to its jurisdictional limitation. *Calka* is also distinguishable, as it involved the question of whether pleadings in a lawsuit filed in violation of the FDCPA renewed the limitations period. Accordingly, this court declines to find that it is barred from asserting jurisdiction over the complaint by the statute of limitations.

### 2. Whether the act is prohibited by the FDCPA

 In order to prevail on an FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2)

the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D.La.1995). The parties are in agreement that the first two criteria are satisfied in this case. The focus of the motions to dismiss for failure to state a claim is therefore whether the plaintiff has sufficiently alleged that the defendant has engaged in an act prohibited by the FDCPA.

### a. Private cause of action

Plaintiffs' claim in Count I for violations of the FDCPA is based on the alleged attempts by Assetcare and Equifax to collect a debt from a subscriber to an HMO in violation of Florida Statutes § 641.315(2) and (3). Section 641.315, entitled 'Provider contacts,' states in paragraph 2 that "No subscriber of an HMO shall be liable to any provider of health care services for any services covered by the HMO," and states in paragraph 3 that "No provider of services or any representative of such a provider shall collect or attempt to collect from an HMO subscriber any money for services covered by an HMO and no provider or representative of such provider may maintain any action at law against any subscriber of an HMO to collect money owed to such provider by an HMO." Fla. Stat. § 641.315(2) and (3).

The defendants have argued that Chapter 641 does not create a private right of action under Florida law, and that the plaintiffs therefore cannot maintain a suit under the FDCPA based on a violation of Chapter 641. It is not necessary, however, for the court to determine whether or not a private right of action is contemplated by Florida's insurance statutes. The issue before the court is "not whether [the defendants] violated the state statute, but whether [they] violated the federal Act." *Wade v. Regional Credit Assoc.*, 87 F.3d 1098, 1100 (9th Cir.1996).

The defendants have attempted to use the holding in *Wade* to argue that, whether or not a private right of action exists, the only remedy for a violation of this type of state law lies within state law, not the FDCPA. This argument misreads *Wade*. In *Wade*, the Ninth Circuit was reviewing a summary judgment order, not an order on a motion to dismiss. The Ninth Circuit found that the defendant in that case had not violated the FDCPA by engaging in collection activities in Idaho without obtaining the required state license because the mailings "were innocuous" and were not likely to deceive or mislead a hypothetical least sophisticated debtor. *Wade*, 87 F.3d at 1100. Even if this court were to follow the Ninth Circuit's holding in *Wade*, it would not mandate dismissal of this action at the motion to dismiss stage. Defendants' argument that the plaintiffs' complaint fails to state a cause of action because it is based on a violation of a state law without a private right of action therefore fails.

### b. Knowing or intentional act

Equifax has argued that knowledge or intent is an essential element of a cause of action under 15 U.S.C. §§ 1692e and 1692f. It is defendants' contention that because plaintiff failed to allege in the complaint that the violation of the FDCPA was knowing or intentional, the plaintiff failed to state a claim upon which relief can be granted. After reviewing the law in this area, this court disagrees with the defendants' characterization of the FDCPA and finds that the complaint does not have to allege that the violation was knowing or intentional.

Numerous courts, including one district court within the Eleventh Circuit, have stated that the FDCPA is a strict liability statute. *See Stewart v. Slaughter*, 165 F.R.D. 696, 699 (M.D.Ga.1996); *Pittman v. J.J. MacIntyre Co. of Nevada, Inc.*, 969 F.Supp. 609, 613 ("The FDCPA is a strict liability statute.... Whether the defendant had actual knowledge of the satisfaction prior to making further attempts to collect goes to the defendant's culpability.") (citations omitted); *Bentley v. Great*

*Lakes Collection Bureau,* 6 F.3d 60, 63 (2nd Cir.1993) ("The FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages."); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2nd Cir.1996).

▊▊▊▊ The strict liability view of the Act is supported by a closer examination of the FDCPA itself. Nowhere in the language of the statute on which this cause of action is based— §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1)—is there any mention of an element of knowledge or intent. Congress took care to require an element of knowledge or intent in certain portions of the FDCPA where it deemed such a requirement necessary. *See, e.g.,* § 1692f(3) ("The solicitation of a debt collector of any postdated check ... *for the purpose of* threatening or instituting criminal prosecution.") (emphasis added); § 1692d(5) ("Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously *with intent* to annoy, abuse, or harass any person at the called number.") (emphasis added); § 1692c ("a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place ... *known or which should be known* to be inconvenient to the consumer.") (emphasis added). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion of exclusion." *Gozlon–Peretz v. United States,* 498 U.S. 395, 404, 111 S.Ct. 840, 846–47, 112 L.Ed.2d 919 (1991) (quoting *Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 300–01, 78 L.Ed.2d 17 (1983)) (internal quotation marks omitted). Furthermore, reading a scienter requirement into portions of the FDCPA that do not specify that knowledge or intent is required would render the affirmative bona fide error defense in § 1692k(c) superfluous. "Our cases consistently have expressed a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enact-

ment." *Freytag v. Commissioner of Internal Revenue,* 501 U.S. 868, 877, 111 S.Ct. 2631, 2638, 115 L.Ed.2d 764 (1991) (citations omitted); *see also Thomas v. Pierce, Hamilton, and Stern, Inc.,* 967 F.Supp. 507, 512 (N.D.Ga.1997). Therefore, since the provisions of the Act relied on by the plaintiff impose strict liability on any debt collector that fails to comply with the Act's provisions, knowledge or intent is only a factor in the liability stage of the proceedings and need not be pled to state a prima facie case. *See* 1692k(a), (b)(2), and (c).

**B. Count II**

Count II of plaintiff's complaint alleges violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 to 559.785 ("FCCPA") by Assetcare and Equifax. Section 559.72, entitled 'Prohibited practices generally,' lists seventeen debt collection actions that violate the FCCPA. Paragraph 9 states that no person shall:

> Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(9). The plaintiffs allege that the defendants are prohibited from attempting to collect money for services covered by an HMO from an HMO subscriber under Fla. Stat. § 641.315(3), and that their actions therefore violated Fla. Stat. § 559.72(9). The defendants have made the same two arguments against the FCCPA claim in Count II as they made against the FDCPA claim in Count I: that Fla. Stat. § 641.315 does not create a private right of action, and that the plaintiff failed to allege knowledge or intent. At this stage of the proceedings, both arguments must fail.

**1. Private right of action**

▊▊▊ Defendants' attempt to attack plaintiffs' FCCPA claim by arguing that there is no private right of action under

Section 641.315 of the Insurance Code is unpersuasive. The defendants' argument is based purely on policy: they contend that plaintiff should not be allowed to "manufacture a cause of action against Assetcare [and Equifax] under the guise of the fair debt collection laws" because the FCCPA does not contemplate transporting liability from one statute to another. However, the defendants have not pointed to any case law supporting this proposition. A plain reading of Fla. Stat. § 559.72(9) indicates that it prohibits enforcement of a debt when a person knows the debt is *not legitimate* or asserts the existence of a *legal right* that is known not to exist. The statute appears to contemplate reliance on the legal status of a debt, and thus the consideration of whether other sections of the statutory code have been violated. Defendants' argument that a lack of a private right of action in the insurance code prohibits an FCCPA action is therefore unconvincing.

### 2. Knowledge or intent

 It is clear that the FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action. Plaintiffs have argued that the required knowledge can be imputed to Assetcare and Equifax through agency theory. The complaint alleges that Defendants Assetcare, Equifax, Columbia Aventura, Miami, and Columbia/HCA were "acting jointly and in concert in circumvention of § 641.315" and that "each Defendant was the agent or employee of each of the other Defendants." Second Amended Class Action Complaint, ¶ 35–36. At this stage of the proceedings, the court cannot say that it appears beyond doubt that the plaintiffs can prove no set of facts that would support their claims. *See M/V Sea Lion v. Reyes*, 23 F.3d 345, 347 (11th Cir.1994). Therefore, defendants' motion to dismiss based on insufficient allegations of knowledge is denied.

### C. Count III

Count III of plaintiff's complaint seeks declaratory and other relief for violations of the Florida Insurance Code, Fla. Stat. § 641.315(3), against Columbia Aventura, Miami, and Columbia/HCA. Specifically, the plaintiffs seek a declaration as to whether Columbia Aventura, Miami, and Columbia/HCA violated Florida's Insurance Code by attempting to collect sums from consumers they are prohibited from attempting to collect by Fla. Stat. §§ 641.315(2) and (3), as well as actual damages and disgorgement of any money collected from consumers in violation of the Florida Insurance Code. The defendants have argued that the exercise of supplemental jurisdiction is improper in this case, that the plaintiff has no private cause of action under Section 641.315, that the plaintiff has not demonstrated an entitlement to declaratory relief, and that "Columbia Aventura Hospital" is a fictitious name for Miami Beach Healthcare Group, Ltd. and has been improperly sued.

### 1. Supplemental jurisdiction

 Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387, 118 S.Ct. 2047, 2051, 141 L.Ed.2d 364 (1998); § 28 U.S.C. 1367(a). Discretion rests with the district court to decline to exercise supplemental jurisdiction when:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In this case, the defendants have urged the court to decline to exercise supplemental jurisdiction over

the claims in Count III of the complaint. Because of the novel and complex nature of the claims in Count III, this court agrees that it should decline to exercise jurisdiction in favor of permitting the state to interpret its own laws.

 Count III necessary involves a determination by the court as to whether Fla. Stat. § 641.315(3) implies a private right of action. This is apparently a question of first impression in Florida. The parties have not been able to locate any published decisions from a Florida court addressing this issue, and this court is not aware of any such decisions. Allowing plaintiffs to proceed in this court would require the creation of Florida law through an interpretation of legislative intent and Florida's statutory framework for regulating the insurance industry. Where "the issues hinge on the proper meaning and reach of state statutes and regulations," it is more appropriate to allow the state to interpret its own law. *Diversified Services, Inc. v. Simkins Indus., Inc.*, 974 F.Supp. 1448, 1455 (S.D.Fla.1997). Furthermore, determining whether a private right of action exists is not necessary to prove a violation of the FDCPA or the FCCPA. *See supra*. There is thus no compelling reason for the court to exercise supplemental jurisdiction over Count III.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Assetcare, Inc.'s Motion to Dismiss Plaintiff's First Amended Class Action Complaint [D.E. 31] is DENIED. It is further

**ORDERED AND ADJUDGED** that Defendant Equifax's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint [D.E. 64] is DENIED. It is further

**ORDERED AND ADJUDGED** that Defendants Columbia Healthcare Corp.'s and Miami Beach Healthcare Group, Ltd.'s Motion to Dismiss First Amended Complaint [D.E. 33] is GRANTED. Count III of the Second Amended Class Action Complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of Court shall change the style of the case to reflect the fact that Columbia/HCA Healthcare Corp., Miami Beach Healthcare Group, Ltd., and Columbia Aventura Hospital & Medical Center have been dismissed as party defendants. It is further

**ORDERED AND ADJUDGED** that Defendant's Assetcare and Equifax shall file an Answer to the complaint within 15 days of the date of this Order.