**Herbert H. HAPIN, Plaintiff,**

v.

**ARROW FINANCIAL SERVICES, Defendant.**

**No. C06–00637 MJJ.**

United States District Court, N.D. California.

April 24, 2006.

Irving Berg, The Berg Law Group, Corte Madera, CA, for Plaintiff.

Tomio B. Narita, Jeffrey A. Topor, Wineberg, Simmonds & Narita LLP, San Francisco, CA, for Defendant.

### ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

JENKINS, District Judge.

### INTRODUCTION

Before the Court is Arrow Financial Services, L.L.C.'s ("Defendant", "Arrow") motion to dismiss.[1] The motion is opposed by Herbert Hapin ("Plaintiff"). For the following reasons, the Court **GRANTS IN**

---

1. Doc. No. 3, Filed March 6, 2006.

**PART** and **DENIES IN PART** Defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

Arrow is in the business of collecting defaulted debts. On April 6, 2005, Arrow sent Plaintiff an initial collection letter (the "letter") in connection to an alleged debt due to Household Bank (SB)NA ("Creditor"). The letter read as follows:

ARROW FINANCIAL SERVICES purchased your HOUSEHOLD BANK (SB) N.A. account with COSTCO CONS GOLDSTAR charges. As the new owner of your account we would like to give you a second chance to resolve your outstanding balance. Our company prides itself in working with new customers to provide solutions to help you take a step towards resolving this matter.

ARROW FINANCIAL SERVICES has several programs that will help you satisfy your obligation. Please take this opportunity to help regain your financial future by contacting your account representative at our toll free number 800–807–3492. We look forward to working with you.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of the debt or any portion thereof, we will assume that the debt is valid. If you notify us in writing within 30 days, that the debt, or any portion therof is disputed, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

**Important Notice required by law:** This agency is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Sincerely,

Sam Jacobs

Account Representative

Total Current Balance: $1268.02

(Complaint, Exhibit A, emphasis in original)

On January 30, 2006, Plaintiff filed this class action suit, alleging that Arrow's collection letter violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act"), Cal. Civ.Code §§ 1788 et seq. The Complaint alleges that the letter violates § 1692e because of "the misleading and contradictory description of Plaintiff as a customer... [and] of Sam Jacobs as an 'account representative'" and "the false, deceptive, and misleading representation that [Defendant] will help Plaintiff regain his financial future... [and] by the false... characterization of debt as helping 'regain his financial future.'" Plaintiff alleges that the letter violates § 1692f(1) because it attempts "to collect interest in an amount not expressly authorized by the creditor agreement or permitted by law." (Complaint, 2–4).

On March 6, 2006, Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the pleading of insufficient facts under an adequate theory. *Robert-*

*son v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984). When deciding upon a motion to dismiss pursuant to Rule 12(b)(6), a court must take all of the material allegations in the plaintiff's complaint as true, and construe them in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir.1990).

■■ In the context of a motion to dismiss, review is limited to the contents in the complaint. *Allarcom Pay Television, Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir.1995). When matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment. However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989). Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim. *See Pacific Gateway Exchange*, 169 F.Supp.2d at 1164; *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994) (overruled on other grounds). Thus, the district court may consider the full texts of documents that the complaint only quotes in part. *See In re Stac Electronics Sec. Lit.*, 89 F.3d 1399, 1405 n. 4 (1996), *cert denied*, 520 U.S. 1103, 117 S.Ct. 1105, 137 L.Ed.2d 308 (1997). This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir.1998).

## ANALYSIS

### A. FDCPA Claims under § 1692e

■■ Plaintiff alleges that Defendant's April 6, 2005 collection letter violates § 1692e of the FDCPA. In the Ninth Circuit, the issue of whether the language of a collection letter violates the FDCPA is a matter of law. *Terran v. Kaplan*, 109 F.3d 1428, 1431–32 (9th Cir.1997). In making that determination, the Court applies a "least sophisticated debtor" standard. *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988). Although the standard is objective, it is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* at 1227.

Section 1692e of the FDCPA provides, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e

■■ According to the Complaint, Defendant's letter violates § 1692e because of "the misleading and contradictory description of Plaintiff as a customer. . .[and] of Sam Jacobs as an 'account representative.'" Plaintiff contends that this verbiage conceals their true relationship, which is of a debtor to a debt collection agency. The Court does not agree. The letter states that Arrow "purchased [Plaintiff's] *account* " and "[a]s the new owner of [Plaintiff's] *account* . . . .would like to give

[Plaintiff] a second chance to *resolve* [Plaintiff's] *outstanding balance.*" (emphasis added). The letter continues that "the company prides itself in working with new customers to provide solutions to help [Plaintiff] take a step towards *resolving* this matter." In this context, immediately preceded by language emphasizing Defendants' objective to resolve the outstanding balance on Plaintiff's account, the term "customer" reflects the underlying debtor-collector relationship. This characterization is further supported by language in the third paragraph, which states in bold typeface, "**Important Notice required by law**: This agency is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose." (emphasis in original).[2]

Plaintiff's interpretation that the relationship implied in the letter was anything other than that of debtor and collection agency is not supportable in light of the clear disclosure language. The Court finds that, under the objective "least sophisticated debtor" standard, Defendant's use of the terms "customer" and "account representative", placed within the context of the surrounding verbiage and accompanied by explicit explanatory language does not convey a misleading impression that the relationship between Plaintiff and Defendant was anything other than debtor and creditor. See also, *Kalinina v. Midland Credit Mgt. Inc.*, 2004 WL 3187150, *2 (N.D.Cal.2004)(use of the term "customer" and "servicer" not misleading in light of additional language explicitly stating that the communication was from a debt collection service attempting to collect a debt); *Turner v. Asset Acceptance, LLC.*, 302 F.Supp.2d. 56, 58–59 (E.D.N.Y. 2004)(use of word "customer" not misleading to least sophisticated consumer in light

of language in the body saying "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose.")

In a similar vein, the Complaint alleges that the letter violates § 1692e because of "the false, deceptive, and misleading representation that [Defendant] will help Plaintiff regain his financial future...[and] by the false...characterization of debt as helping 'regain his financial future.'" (Complaint, 3–4). The letter states, in relevant part, "ARROW FINANCIAL SERVICES has several programs that will help you satisfy your obligation. Please take this opportunity to help regain your financial future by contacting your account representative at our toll free number..." Plaintiff contends that the letter was misleading because he was in poor financial condition and that, had he satisfied just his obligation with Defendant, he would not have benefited financially, because he had many other outstanding obligations with other creditors still to be resolved.

The Court notes at the outset that the "least sophisticated debtor" standard is objective in nature. *Swanson*, 869 F.2d at 1227. Therefore, Plaintiff's allegation that he would not have benefited significantly from satisfying one obligation among the many he owed is of no moment. The Court analyzes the letter from the standpoint of the hypothetical "least sophisticated consumer", and not taking into account Plaintiff's particular financial circumstances. In *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir.1996), the Ninth Circuit considered language similar to that at issue here. In that case, the defendant collection agency sent the plaintiff a letter which stated, "OUR REC-

---

**2.** The letter contains numerous other instances of debtor-creditor terminology, including repeated occurrences of the terms "past due balance" and "collection of debt."

ORDS STILL SHOW THIS AMOUNT OWING. If not paid TODAY, it may STOP YOU FROM OBTAINING credit TOMORROW. PROTECT YOUR CREDIT REPUTATION." (emphasis in original). Applying the "least sophisticated debtor" standard, the *Wade* court held that the language did not violate § 1692e, stating that "[t]he notice told Wade correctly that she had an unpaid debt, and properly informed her that failure to pay might adversely affect her credit reputation." Similarly, Defendant's letter in the instant case correctly informed their debtors that paying their obligations might "help regain [their] financial future." The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Wade*, 87 F.3d at 1099. Accordingly, in light of *Wade* and the FDCPA's statutory purpose, the Court finds that Defendant's use of the terminology "regain your financial future" did not violate § 1692e, as it was not misleading or abusive. Accordingly, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's § 1692e claims.

**B. FDCPA Claims under § 1692f**

 Defendant next argues that Plaintiff's claims under § 1692f must be dismissed because Plaintiff did not sufficiently plead factual allegations to support the claim. According to the Complaint,

Defendant violated § 1692f when Defendant "attempted to collect interest in an amount not expressly authorized by the creditor agreement or permitted by the law." (Complaint at 3). Under the Federal Rule of Civil Procedure's notice pleading regime, a complaint requires only a short, plain statement showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court finds that Plaintiff has met the notice pleading standard, indicating both the nature of the allegation and its legal basis. Dismissal of Plaintiff's § 1692f claim would, therefore, be inappropriate. Accordingly, Defendant's motion to dismiss is **DENIED** as to Plaintiff's § 1692f allegations.[3]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's § 1692e claims, and **DENIES** the motion as to all other claims.

**IT IS SO ORDERED.**

---

**3.** Defendant also argues that the Court should dismiss Plaintiff's claims under the Rosenthal Act. Defendant first asserts that Plaintiff's Rosenthal Act claim must fail because it is "derivative" of Plaintiff's FDCPA claim. However, Defendant cites no authority for the proposition that Plaintiff's California state Rosenthal Act claims must necessarily fail as a matter of law if the Court dismisses the same allegations under the FDCPA. Defendant also argues that Plaintiff has no standing to file his Rosenthal Act claim because he did not schedule that claim in an unrelated bankruptcy proceeding. The Court finds that argument unavailing and a matter properly left for the bankruptcy forum, where the asset schedule can be amended appropriately.