**Alejandro MOYA, Plaintiff,**

v.

**CHASE CARDMEMBER SERVICE, Defendant.**

**No. C 08–4097 BZ.**

United States District Court, N.D. California.

Jan. 8, 2009.

Irving L. Berg, The Berg Law Group, Corte Madera, CA, for Plaintiff.

Wendy Chai Krog, George Geoffrey Weickhardt, Ropers Majeski Kohn & Bentley, San Francisco, CA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

BERNARD ZIMMERMAN, United States Magistrate Judge.

Defendant Chase Bank USA, N.A. moves to dismiss plaintiff's First Amended Complaint ("Complaint") on the ground that it fails to state a claim for relief.

Plaintiff's Complaint, filed on behalf of herself and a purported class,[1] alleges that defendant violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"), including 15 U.S.C. Section 1692e, which generally prohibits "false, deceptive or misleading" collection activities; Section 1692e(10), which forbids "the use of any false representation or deceptive means to collect or attempt to collect any debt"; and Section 1692f, prohibiting "unfair or unconscionable" methods of debt collection. Plaintiff also alleges that defendant violated § 1692(c)(2) as incorporated into California law by Cal. Civ.Code § 1788.14(c) by sending impermissible collection notices to debtors whose attorneys had previously notified defendant that the debtors had legal representation. Plaintiff alleges that these sections of the FDCPA are incorporated into California law under Cal. Civ.Code § 1788.17 of the Rosenthal Fair Debt Collection Practices Act

---

1. In defendant's introduction to its motion, defendant states that "[n]o leave to amend to add class allegations was sought or granted." (Def.'s Motion to Dismiss Pl.'s First Amend. Compl. p. 1.) To the extent that this statement can be construed as a motion to strike plaintiff's class allegations because plaintiff did not obtain leave of court to include them in his first amended complaint, that motion is **DENIED.** Amendments of complaints before the defendant has filed a responsive pleading are permitted as a matter of course without leave of court under Rule 15(a) of the Federal Rules of Civil Procedure. Since defendant has filed only a motion to dismiss, which is not a responsive pleading within the meaning of Rule 15(a), adding class allegations would not require leave of the Court. *Nolen v. Fitzharris,* 450 F.2d 958 (9th Cir.1971) (per curiam); *Mayes v. Leipziger,* 729 F.2d 605, 607 (9th Cir.1984); 6 Wright & Miller, Federal Practice and Procedure §§ 1475 and 1483 (1969).

("CFDCPA"), which requires that all debt collectors comply with 15 U.S.C. § 1692b to 1692j of the FDCPA.[2]

As a threshold matter, I interpret all four of plaintiff's claims for relief as alleging violations of the CFDCPA. Both the FDCPA and the CFDCPA only apply to "debt collectors." The CFDCPA defines a debt collector as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code. § 1788.2(c). On the other hand, the FDCPA defines, a debt collector is defined as only an entity that collects debts due to another. *See* 15 U.S.C. § 1692a(6). As defendant is not collecting or attempting to collect debts due to another, defendant does not come within the FDCPA definition of a "debt collector." For this reason, I read plaintiff's Complaint as alleging violations of the CFDCPA, not the FDCPA.[3]

Plaintiff alleges that defendant's April 2008 "collection letter" violates sections 1692e, 1692e(10), and 1692f of the FDCPA. The first two sections bar the use of any false, deceptive, or misleading representations or means to collect a debt. *See* 15 U.S.C. § 1692e (providing a nonexclusive list of sixteen practices which violate the

Act).[4] Section 1692f states that, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In particular, plaintiff complains of the following language:

> Your credit card account is past due. Please send payment immediately. Call 1–800–955–8030 (collect 1–302–594–8200) today.

According to the Complaint, this language is deceptive and unfair because it does not disclose that this toll free number will, if dialed, connect the debtor with a collection agent in defendant's collection department.

In the Ninth Circuit, the test for determining whether a communication violates the FDCPA is objective and is based on a "least sophisticated debtor" standard. *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988); *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir.1996). This standard serves not only to protect naive and trusting consumers, but also "to protect debt collectors from bizarre interpretations of collection communications." *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F.Supp. 61, 65

---

2. Cal. Civ.Code § 1788.17 states: "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal." The references to federal codes in this section refer to those codes as they read January 1, 2001.

3. "California has not somehow expanded the scope of federal liability under the FDCPA through Cal. Civ.Code § 1788.17. Instead,

California simply incorporated by reference the text of certain federal provisions into the CFDCPA, rather than copying them verbatim into the California code. Any resulting liability, however, remains a state claim." *Alkan v. Citimortgage, Inc.*, 336 F.Supp.2d 1061 (N.D.Cal.2004).

4. Section 1692e of the FDCPA provides, in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.... (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e.

(E.D.N.Y.1994) (citing *Clomon v. Jackson,* 988 F.2d 1314, 1320 (2d Cir.1993)).

Applying this standard, there is nothing in the letter sent to plaintiff that is deceptive, false, or misleading. The letter states that the account is past due and is closed. The letter provides separate numbers for customer service and an address for account inquiries. All this would put a "least sophisticated debtor" on notice that the challenged toll free number is part of an effort to collect past due amounts on a closed account.[5] This is particularly true since nothing in the letter specifically states nor implies that the number is associated with anything other than debt collection. *See Hapin v. Arrow Fin. Servs.,* 428 F.Supp.2d 1057 (N.D.Cal.2006) (rejecting plaintiff's argument that the defendants use of terms such as "customer" and "account representative" in defendant's initial collection letter misrepresented the true nature of the creditor-debtor relationship between the parties, because the letter contained numerous other instances of debtor-creditor terminology); *Wade v. Regional Credit Ass'n,* 87 F.3d 1098 (9th Cir.1996) (holding that a collection notice sent by a collection agency did not violate Section 1692e or Section 1692e(10) because the notice accurately informed plaintiff that she had an unpaid debt, and properly informed her that failure to pay might adversely affect her credit reputation).

As for section 1692f, it too includes a non-exclusive list of prohibited practices, none of which plaintiff invokes. Neither side has cited a case defining the terms "unfair or unconscionable" as used in section 1692f, and the court has found none.[6] Having found that plaintiff has failed to state a claim that the accused language is false and deceptive, I find that he has also failed to state a claim that it is unfair or unconscionable. Accordingly, defendant's motion to dismiss is **GRANTED** as to plaintiff's section 1692e, 1692e(10), and 1692f allegations. Inasmuch as plaintiff did not meaningfully amend the allegations with respect to these claims in filing his first amended complaint, they will be dismissed without leave to amend.

Plaintiff also asserts that defendant violated § 1788.14(c) of the CFDCPA by sending "collection notices" directly to consumers who had notified defendant of having obtained attorney representation.[7] Defendant attacks this claim by arguing that the challenged "collection letter" is not a collection letter, but is instead a "statement of account", which is a communication explicitly exempted from § 1788.14.

Section 1810.3 of the CFDCPA provides some guidance as to what information is normally contained in a "statement of account." However, this section fails to pro-

---

**5.** Directly below the toll free number, the letter states as follows: "Your account is closed. Please continue to make monthly payments by the due date until your balance is paid in full." (Pl.'s First Amend. Compl. Ex. B)

**6.** The FTC's Staff Commentary on this section states that:

A debt collector's act in collecting a debt may be "unfair" if it causes injury to the consumer that is (1) substantial, (2) not outweighed by countervailing benefits to consumers or competition, and (3) not reasonably avoidable by the consumer.

Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collections Practices Act, 53 Fed.Reg. 50097–50110 (Dec. 13, 1988).

Plaintiff has alleged nothing that would meet the Staff definition of unfairness.

**7.** That section forbids a "debt collector" from collecting or attempting to collect a "consumer debt" after the debt collector "has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt ..." Cal. Civ.Code § 1788.14.

vide guidance as to what information, if any, is proscribed. Specifically, this section does not provide any guidance as to whether the inclusion of the toll free number of a creditor's collection department, such as the number included by defendant,[8] transforms what would be a "statement of account" into an otherwise prohibited communication between the creditor and the represented debtor pursuant to § 1788.14. Defendant has not furnished any authority, statutory or otherwise, to support its contention that the insertion of such a number is permitted in a "statement of account", or that the inclusion of such a number does not convert a statement of account into a collection letter.[9] Without the benefit of a record, it is hard to see what purpose the collection department's toll free number in the document sent plaintiff serves, other than as part of a collection effort, which is an impermissible practice under § 1788.14 of the CFDCPA once the debtor has provided the creditor with notice that he is represented by an attorney, as plaintiff alleges he did. While defendant is correct that 15 U.S.C. § 1637(b) requires Chase to send plaintiff a monthly statement of account which sets forth the amount due, the date payment is due and an address for billing inquires, plaintiff is not challenging any of

that information on the document he received.[10]

Since at this juncture, I cannot say as a matter of law that the statement attached to plaintiff's Complaint as Exhibit B is not an impermissible communication rather than a mere "statement of account", as asserted by defendant, defendant's motion as to plaintiff's fourth claim for relief is **DENIED.** Defendant shall answer by **January 23, 2009.**

---

8. Defendant disputes that the toll free number connects to defendant's collection department; however, on a motion to dismiss, I must accept as true all well-pleaded facts stated in plaintiff's Complaint, and must construe all reasonable inferences in favor of plaintiff. *Epstein v. Washington Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996).

9. During argument, defendant asserted that a statement of account is "inherently" a collection effort because the purpose of a statement of account is to encourage a debtor to make a payment towards his or her outstanding debt. I disagree. From my reading of the statute, a "statement of account" is exempted under § 1788.14 because it is defined as something *other than* a collection effort. In other words,

I read the statute as exempting statements of account whose purpose is to keep a debtor informed of the status of the account or any activity related to the account, such as the accrual of finance charges; and not whose purpose is to facilitate collection of a closed account.

10. Section 1637(b) of the FDCPA requires a creditor of any account to send a statement for each billing cycle to a debtor who holds an account with an outstanding balance. However, nothing in that section mandates (or expressly permits) the inclusion of a toll free number (as opposed to an address) in a "statement of account", which is the alleged violation in this action.