D.J. BATES, Plaintiff–Appellant,

v.

The BALTIMORE AND OHIO RAILROAD COMPANY, Defendant–Appellee.

No. 92–3328.

United States Court of Appeals, Seventh Circuit.

Argued May 3, 1993.

Decided Nov. 2, 1993.

Steven B. Geller, Indianapolis, IN (argued), for plaintiff-appellant.

Stephen M. Terrell (argued), James L. Petersen, Laura B. Daghe, Ice, Miller, Donadio & Ryan, Indianapolis, IN, for defendant-appellee.

Before POSNER, Chief Judge, COFFEY, Circuit Judge, and WILLIAMS, Senior District Judge.*

WILLIAMS, Senior District Judge.

In March 1985, the Baltimore and Ohio Railroad ("Railroad") fired D.J. Bates, who it had employed as a yard clerk. Bates appealed the Railroad's decision to the National Railroad Adjustment Board, which upheld the termination. He then filed a petition for review of the Board's decision in the United States District Court for the Southern District of Indiana. The district court granted the Railroad's motion to dismiss the petition for lack of jurisdiction, a decision which Bates asks us to reverse.

The facts of the case are as follows. While on duty on December 30, 1984, Bates was involved in an altercation with a co-worker. The Railroad investigated the incident and charged Bates with conduct unbecoming an employee. In accordance with the collective bargaining agreement governing his employment, the Railroad held a disciplinary hearing, at which Bates, the other employee and several witnesses to the incident testified. Shortly thereafter, the Railroad informed Bates that the hearing officer, the Assistant Superintendent of Operations for the Railroad, had found against him and that he was dismissed.

Bates appealed his dismissal to the Third Division of the National Railroad Adjustment Board, a tribunal created by Congress in 1934 under the Railway Labor Act to adjudicate disputes between railroad carriers and their employees. 45 U.S.C. § 153 First. The Board consists of an equal number of union and employer representatives, 45 U.S.C. § 153 First (a), who render a decision or "award" after considering briefs (termed

---

* The Honorable Spencer Williams of the United States District Court for the Northern District of California, sitting by designation.

"ex parte submissions") submitted by the parties and hearing oral argument.

Bates and the Railroad filed ex parte submissions with the Board, which the parties also exchanged. The Board subsequently informed Bates that his case would be put in line with the others on its docket.

After considering his case, the partisan members of the Board deadlocked and, pursuant to 45 U.S.C. § 153 First (*l*), a referee was appointed to break the tie. After hearing argument from the Board members and reading the submitted documents, the referee broke the deadlock in favor of the Railroad.

In the petition for review he subsequently filed with the district court, Bates argued that (1) the Board failed to comply with section 153 of the Railway Labor Act; (2) the Board acted outside its jurisdiction in making the award; and (3) the award was unreasonable in basis and fact. The district court rejected these arguments and dismissed his petition for lack of subject matter jurisdiction.

■■ The scope of judicial review of Board awards is " 'among the narrowest known to the law,' " *Union Pacific R.R. v. Sheehan,* 439 U.S. 89, 91, 99 S.Ct. 399, 401, 58 L.Ed.2d 354 (1978), and a reviewing court may set aside an award only on the following grounds: (1) failure of the Board to comply with the requirements of the Railway Labor Act; (2) failure of the Board to confine itself to matters within the scope of its jurisdiction; or (3) fraud or corruption by a member of the Board making the award. 45 U.S.C. § 153 First (q). We have also recognized an exception allowing for judicial review where the Board deprives a litigant of his or her constitutional right to due process. *See Elmore v. Chicago & Ill. Midland Ry. Co.,* 782 F.2d 94, 96–97 (7th Cir.1986).

■■ Bates claims that the Board failed to provide him with proper notice of the referee hearing and that, as a result, the Board award is void. Before we can address the merits of this claim, however, we must consider whether this issue is properly before us. The Railroad argues that Bates cannot raise his due process claim in this

Court because he neither raised nor sufficiently preserved the due process issue in the lower court. It is true that a party cannot raise an issue on appeal unless it was raised in a meaningful way below. *Coulter v. Vitale,* 882 F.2d 1286, 1289 (7th Cir.1989); *Hays v. Sony Corp. of America,* 847 F.2d 412, 420 (7th Cir.1988) ("to be preserved, an argument must be pressed [in the district court], and not merely intimated"). However, the record reveals that Bates did raise the issue below by arguing that the Board failed to protect his rights to a hearing and notice. Amended Petition, p. 10. Therefore, the issue was sufficiently preserved for this Court to consider it.

In its order dismissing the petition for lack of subject matter jurisdiction, the district court concluded that the Board was not required to have sent him notice of the hearing because of his decision to rely on his written submission, a decision he unequivocally communicated to the Board.

We agree. The regulations of the Third Division state that "[o]ral hearings will be granted if requested ... and due notice will be given ... of the time and date of the hearing." National Railroad Adjustment Board, *Circular No. 1: Organization and Certain Rules of Procedure,* October 10, 1941. Thus, no notice is required unless a litigant requests an oral hearing. At the end of his submission, Bates stated:

> As the Petitioner in this instant dispute I hereby affirm that I do not desire an oral hearing unless requested by the Carrier party, but I do request the right to file an answer to the Submission of the Carrier party.

Submission, p. 37. By making this statement, Bates expressly and unambiguously waived his right to an oral hearing before the Board. Therefore, he was not entitled to notice.

In Bates' opinion, his right to notice was also guaranteed by the following Board regulation: "rights to hearing before Referees shall be retained regardless of whether the oral hearing is waived...." National Railroad Adjustment Board, Third Division, Motion, Adopted November 26, 1957. Bates

received exactly what the Motion promises: a hearing before a referee. Nothing in the Motion entitles him to notice of the referee hearing after waiving his right to an oral hearing before the partisan members of the Board. Nor did he reserve a right to make an oral presentation to the referee if one was appointed. Thus, the referee properly decided Bates' case based upon written submissions.

Bates further argues that even if he is permitted only a single opportunity for an oral hearing, a waiver of his right to an oral argument does not deprive him of his statutory right to notice. However, Bates' waiver indicates that he was not interested in participating in the hearing beyond his filing of written submissions. Furthermore, Bates was represented by the partisan members of the Board at the referee hearing. Given these facts, the Board proceedings were in no way violative of his due process rights.

■ Bates' appeal is not limited to the notice issue. He also contends that the Board exceeded its jurisdiction, providing another basis for reviewing the award. This claim is based on an allegation that the Board improperly considered a transcript of one of the internal hearings, the authenticity of which he disputes. According to Bates, the Railroad failed to take the steps required under the Railway Labor Act to resolve this dispute prior to submitting the case to the Board. Consequently, when the Board considered the internal transcript, it failed to limit its decision to matters within its jurisdiction.

■ This argument is unavailing. To prove that the award exceeded the Board's jurisdiction, a party must show that the Board's decision was "without foundation in reason or fact, (citation omitted), or wholly baseless and without reason (citation omitted)." *Anderson v. Nat'l R.R. Passenger Corp.*, 754 F.2d 202, 203 (7th Cir.1984). Bates' argument does not address this issue. His claim concerns the credibility of the disciplinary hearing transcript supplied by the Railroad, not how the award exceeded the scope of the Board's jurisdiction. This is an evidentiary dispute which does not fall within any of the narrow jurisdictional grounds for review under 45 U.S.C. § 153 First (q). Furthermore, there is no indication that the transcript was given conclusive weight by the Board and nothing prevented Bates from submitting contrary evidence to attack its credibility. In any event, Bates has not shown how the Board's use of the transcript resulted in an award that exceeded the Board's jurisdiction.

Accordingly, the district court's decision to dismiss Bates' petition to review the decision of the National Railroad Adjustment Board is

AFFIRMED.