UNITED STATES of America,
Plaintiff,

v.

ONE RESIDENTIAL PROPERTY LOCATED AT 8110 E. MOHAVE ROAD, PARADISE VALLEY, ARIZONA, and All Appurtenances Affixed Thereto, Defendant.

No. 02–CV–0829 W(RBB).

United States District Court,
S.D. California.

Sept. 30, 2002.

U.S. Attorney CV, U.S. Attorneys Office Southern, District of California, Civil Division, San Diego, CA, for USA, plaintiff.

Tracy R Richmond, Worden Williams Richmond, Brechtel and Kilpatrick, Solana Beach, CA, Steven M Harris, Michael Dwight Davis, Doyle Harris Davis and Haughey, Tulsa, OK, for Residential Property 8110 E. Mohave Road, Paradise Valley, Arizona, all improvements and appurtenances affixed thereto, defendant.

Steven M. Harris, Doyle Harris Davis and Haughey, Tulsa, OK, for Tommy Thompson, claimant.

### ORDER DENYING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

WHELAN, District Judge.

On July 30, 2002 Claimant Tommy Thompson ("Thompson") moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff United States of America ("Plaintiff") timely opposed. All parties are represented by counsel. The Court decides the

matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1).

## I. BACKGROUND

On July 31, 2001 Ed and Sherry Stewart (the "Stewarts"), the previous owners of 8110 E. Mohave Road, Paradise Valley, Arizona (the "Property"), executed a second deed of trust from Real Estate Equity Lending, Inc. ("REEL"). The Stewarts thereafter defaulted on the loan and REEL commenced nonjudicial foreclosure proceedings on the second deed of trust.

On April 30, 2002 Plaintiff filed a civil forfeiture Complaint. Plaintiff alleges that the Property is subject to civil forfeiture pursuant to 18 U.S.C. § 981 because it was purchased with the proceeds of a mail and wire fraud scheme and/or is property traceable to money laundering transactions. On May 2, 2002 Plaintiff recorded a Notice of Lis Pendens against the Property with the Maricopa County, Arizona Recorder's Office. On May 9, 2002 Claimant Thompson purchased the Property at a nonjudicial foreclosure sale conducted by REEL. On June 7, 2002 Thompson filed a claim to the Property in response to Plaintiff's Complaint. Thompson now moves for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir.1997). A dispute is genuine if a rea-

sonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248, 106 S.Ct. 2505. Summary judgment is appropriate when a party cannot meet an essential element of its claim or defense. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1103 (9th Cir.2000).

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The court must not weigh the evidence, draw legitimate inferences or make credibility determinations in evaluating a motion for summary judgment. See Anderson, 477 U.S. at 255, 106 S.Ct. 2505.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. at 2553. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the non-moving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322–23, 106 S.Ct. at 2552–53. However, where the moving party bears the burden of proof on an issue, it cannot obtain summary judgment unless it presents evidence so compelling that no rational jury would fail to award judgment for the moving party. See, e.g., Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35 (1st Cir.1998) ("The party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is conclusive."); Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th

Cir.1986) ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."); *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986) (same). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970).

### III. *DISCUSSION*

Claimant Thompson contends that Plaintiff's interest in the Property was extinguished when REEL instituted nonjudicial foreclosure proceedings against the Property and foreclosed its interest under the deed of trust by selling the Property at public auction. *See Claimant's Mem. of P. & A.* at 3 (citing *U.S. v. Real Property at 2659 Roundhill Dr., Alamo, Cal.* ("*Roundhill*"), 194 F.3d 1020 (9th Cir.1999)). The Court disagrees.

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") governs civil forfeitures to the United States. *See* 18 U.S.C. § 981. CAFRA provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in 1956(c)(7) of this title)" is subject to forfeiture. 18 U.S.C. § 981(a)(1)(C) (section 1956(c)(7)(A) enumerates federal mail and wire fraud as "specified unlawful activity").[1]

Section 983 sets forth rules governing civil forfeiture proceedings and delineates the circumstances in which property described in § 981 cannot be forfeited. *See* 18 U.S.C. § 983. Section 983(d) protects property from forfeiture through the "innocent owner" defense. It states:

(1) An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.

(3)(A) With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term innocent owner means a person who, at the time that person acquired the interest in the property -

(i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and

(ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

In this case, Thompson has not presented any evidence that he is an innocent owner. Instead, Thompson cites the Ninth Circuit's 1999 decision in Roundhill for the proposition that Plaintiff's interest in the property was extinguished when REEL sold the property to Thompson at public auction. Prior to the enactment of CAFRA, there was a disparity between the innocent owner defense applicable in criminal and civil forfeiture actions. *See United States v. Hooper*, 229 F.3d 818, 822–23 (9th Cir.2000). The Supreme Court's interpretation of the old civil forfeiture statute barred forfeiture if the government was unable to secure a final judgment before a third party, who had no knowledge of the crime when it was committed, purchased the property. *See United States v. Parcel of Land, Buildings, Appurtenances and Improvements, Known as 92 Buena Vista Avenue, Rum-*

---

1. Thompson does not move for summary judgment or contest the application of CAFRA on the grounds that the Property was not derived from proceeds traceable to unlawful activity.

*son, New Jersey,* 507 U.S. 111, 126–27, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993). In contrast, the criminal forfeiture statute only protected "two types of transferees of forfeitable property: bona fide purchasers and those whose interest in the property antedated the crime." *Hooper,* 229 F.3d at 822. The enactment of CAFRA eliminated this disparity. "Both civil and criminal forfeiture statutes are now consistent in denying relief to transferees of proceeds of crime causing forfeiture, unless those transferees are bona fide purchasers for value without notice." *Id.* at 823. Thus, Thompson's reliance on *Roundhill* is misplaced insofar as it has been superseded by CAFRA. Thompson cannot succeed on this motion without presenting evidence that he was a bona fide purchaser for value and was without notice that the property was subject to forfeiture.

It is clearly stated in § 983(d)(1) that "[t]he claimant shall have the burden of proving that the claimant is an innocent owner." However, Thompson failed to present any evidence that he is an "innocent owner." Furthermore, the facts before the Court would dispute such a claim. Plaintiff recorded a Notice of Lis Pendens on the Property prior to Thompson's public auction purchase. In addition, Plaintiff avers that Thompson was connected to litigation alleging fraud against the Stewarts, the previous owners of the Property. This connection raises a factual question as to Thompson's knowledge that the Property may have been purchased with the proceeds of fraudulent activity and could be subject to forfeiture.[2]

## IV.   *CONCLUSION AND ORDER*

In light of the foregoing, the Court DENIES Claimant's motion for summary judgment in its entirety. (Doc. No. 36–1.)

IT IS SO ORDERED.

---

**2.**  Thompson's reply brief argues that because he purchased his interest in the Property by acquiring the previously perfected interest of REEL, Plaintiff cannot challenge Thompson's interest until it establishes that REEL does not qualify as an innocent purchaser. The Court disagrees. First, Thompson relies on *Roundhill* to assume that the sale serves to extinguish any liens or encumbrances that attached to the real property after the deed of trust date. To assume so would require the Court to read into CAFRA an additional limitation on civil forfeiture in which property shall not be forfeited by an owner who purchased via nonjudicial foreclosure sale. Because CAFRA supersedes *Roundhill,* the Court cannot and will not make this leap. Congress has clearly provided protection for innocent owners and expressed no intent to protect secondary owners who fail to present evidence that they were a bona fide purchaser for value and were not on notice that the property was subject to forfeiture.

Second, even assuming that Thompson's argument was not erred, the Plaintiff does not bear the burden of proving that REEL is not an innocent owner. Plaintiff's only burden in civil forfeiture proceedings is to show by a preponderance of the evidence that the Property is subject to forfeiture under the terms of 18 U.S.C. § 981. *See* 18 U.S.C. § 983(c). The burden of proving that the claimant is an innocent owner lies with the claimant. *See* 18 U.S.C. § 983(d)(1). Thus, Thompson would bear the burden of proving by a preponderance of the evidence that REEL was an innocent owner, and thereby passed perfected title to Thompson.