Johnny **GONZALES**, on Behalf of Himself and All Others Similarly Situated, Plaintiff,

v.

**ARROW FINANCIAL SERVICES LLC**, Defendant.

No. 05 CV 0171 JAH(RBB).

United States District Court, S.D. California.

June 8, 2007.

Elizabeth J. Arleo of Ramona, O. Randolph Bragg, Horwitz, Horwitz & Associates, Ltd., Chicago, IL, for Plaintiff.

David Schultz Of Chicago, IL and Linda Streeter of Los Angeles, CA, for Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC. # 92]; GRANTING PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. # 95]; AND DENYING DEFENDANT'S MOTION TO DECERTIFY THE CLASS [DOC. # 88]**

HOUSTON, District Judge.

## INTRODUCTION

Currently pending before the Court are the parties' cross-motions for summary judgment and defendant's motion to decertify the class. The motions have been fully briefed by both parties. After a careful consideration of the pleadings and relevant evidence presented, and for the reasons set forth below, this Court DENIES defendant's motion for summary judgment, GRANTS plaintiff's cross-motion for partial summary judgment and DENIES defendant's motion to decertify the class.

## BACKGROUND

The instant case was initially filed on January 28, 2005. Defendant subsequently filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted, which this Court denied on July 25, 2005. Plaintiff then sought and was granted leave to file an amended complaint. Plaintiff's first amended class action complaint ("FAC"), the operative pleading in this case, was filed on October 18, 2005, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and California's Fair Debt Collection Practices Act (commonly referred to as "the Rosenthal Act"). Specifically, plaintiff alleges defendant sent form collection letters containing the following language, "Upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." FAC ¶ 14. The debt that was the subject of the letters had been, at that time, charged off more than seven years prior. Plaintiff alleges this statement violates the FDCPA and the Rosenthal Act because:

a credit bureau cannot report a debt charged off more than 7 years previously. The 'promise to notify credit bureaus cannot legally be carried out.' Furthermore, the references to credit bureau reporting are misleading because

they tell the unsophisticated consumer that payment or nonpayment of the claimed debt may impact the consumer's credit reporting, when that is not true. FAC ¶ 15. Plaintiff alleges the statement at issue violates 15 U.S.C. §§ 1692e(5) and 1692e(10) of the FDCPA, which state that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

FAC ¶ 16. In addition, the FAC alleges violations of California Civil Code §§ 1788.13 and 1788.17 of the Rosenthal Act based on the alleged federal FDCPA violations. *See* FAC ¶ 17.

This Court, on February 7, 2006, certified the class. On August 4, 2006, defendant filed a motion to decertify the class and, on August 11, 2006, both parties filed their respective summary judgment motions. The parties each filed oppositions to their opposing party's summary judgment motion on August 31, 2006. Defendant's reply to plaintiff's opposition was filed on September 7, 2006 and plaintiff's reply to defendant's opposition was filed on September 12, 2006. Plaintiff filed an opposition to defendant's decertification motion on September 28, 2006 and defendant filed a reply to that opposition on October 5, 2006. All motions were found suitable for disposition without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

### 1. Cross Motions for Summary Judgment and Partial Summary Judgment

The parties each move for summary judgment on the issue of whether the statement in the collection letters violates the FDCPA and the Rosenthal Act.

#### a. Legal Standards

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir.1997).

The party moving for summary judgment bears the initial burden of establishing an absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. This burden may be satisfied by either (1) presenting evidence to negate an essential element of the non-moving party's case; or (2) showing that the non-moving party has failed to sufficiently establish an essential element to the non-moving party's case. *Id.* at 322–23, 106 S.Ct. 2548. Where the party moving for summary judgment does not bear the burden of proof at trial, it may show that no

genuine issue of material fact exists by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Id.* at 325. "The *Celotex* 'showing' can be made by pointing out through argument[ ] the absence of evidence to support the plaintiff's claims." *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir.2001)(en banc) (citation omitted). The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the non-moving party's claim. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 885, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *United Steelworkers v. Phelps Dodge Corp.,* 865 F.2d 1539, 1542 (9th Cir.1989).

However, where the moving party bears the burden of proof at trial, the moving party must present compelling evidence in order to obtain summary judgment in its favor. *United States v. One Residential Property at 8110 E. Mohave,* 229 F.Supp.2d 1046, 1047 (S.D.Cal.2002)(citing *Torres Vargas v. Santiago Cummings,* 149 F.3d 29, 35 (1st Cir.1998)("The party who has the burden of proof on a dispositive issue cannot attain summary judgment unless the evidence that he provides on that issue is conclusive."); *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986)("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."); *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986)(same)). Failure to meet this burden results in denial of the motion and the Court need not consider the non-moving party's evidence. *One Residential Property at 8110 E. Mohave,* 229 F.Supp.2d at 1048.

Once the moving party meets the requirements of Rule 56, the burden shifts to the party resisting the motion, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. The non-moving party does not meet this burden by showing "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The United States Supreme Court has held that "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. Accordingly, the non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Id.* at 256, 106 S.Ct. 2505. Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505. If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. When ruling on a summary judgment motion, the Court must examine all the evidence in the light most favorable to the non-moving party. *Id.* The Court cannot engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the jury. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is insuffi-

cient. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 990–91 (9th Cir.1991).

■ Cross-motions for summary judgment do not necessarily permit the judge to render judgment in favor of one side of the other. *Starsky v. Williams*, 512 F.2d 109, 112 (9th Cir.1975). The Court must consider each motion separately "on its own merits" to determine whether any genuine issue of material fact exists. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir.2001); *Starsky*, 512 F.2d at 112. When evaluating cross-motions for summary judgment, the court must analyze whether the record 'demonstrates the existence of genuine issues of material fact, both in cases where both parties assert that no material factual issues exist, as well as where the parties dispute the facts.' *See Fair Housing Council of Riverside County*, 249 F.3d at 1136 (citing *Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1037 & n. 5 (9th Cir.2000)).

A material fact is one that is relevant to an element of a claim or defense and the existence of which might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

## 2. The FDCPA and the Rosenthal Act

■ The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. In the Ninth Circuit, a violation of the FDCPA is measured by an objective standard:

> We apply the 'least sophisticated debtor' standard to these allegations. [citation omitted] For example, we shall find a a violation of Section 1692e if [defendant's] letter and telephone call are likely to deceive or mislead a hypothetical 'least sophisticated debtor.'

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir.1996). Claims are thus viewed from the "perspective of a consumer whose circumstances make[ ] him relatively more susceptible to harassment, oppression, or abuse" than the average consumer. *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F.Supp.2d 1104, 1110 (C.D.Cal.2005). The Court, not the jury, determines whether a collection letter violates the Act by applying this "least sophisticated debtor" standard. *Hapin v. Arrow Financial Servs.*, 428 F.Supp.2d 1057, 1060 (N.D.Cal.2006); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225–26 (9th Cir.1988); *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997); *see also Baker v. Citibank (South Dakota) N.A.*, 13 F.Supp.2d 1037, 1041 (S.D.Cal.1988).

■ The least sophisticated debtor "standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Terran*, 109 F.3d at 1431. "The FDCPA is a strict liability statute." *Irwin v. Mascott*, 112 F.Supp.2d 937, 963 (N.D.Cal.2000). Therefore, a plaintiff need not prove a defendant knew their debt collection practices were illegal or that a defendant had the intent to violate the law. *Id.* In addition, the FDCPA is a remedial statute and, thus, it must be construed liberally in favor of the debtor. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162,

1175–76 (9th Cir.2006). Under the FDCPA, a debt collector is prohibited from making false or misleading statements in connection with the collection of any debt. *See* 15 U.S.C. § 1692e. Threats to take action that a debt collector may not legally take, or does not intend to take are actionable under the statute. 15 U.S.C. § 1692e(5). The FDCPA also prohibits debt collectors from making false representations or using deceptive means to collect a debt. 15 U.S.C. § 1692e(10).

California's Rosenthal Act provides that: No debt collector shall collect or attempt to collect a consumer debt by means of ... [t]he false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency.

Cal.Civil Code § 1788.13(f).

### b. Analysis

### 1. Defendant's Motion for Summary Judgment

■ Defendant contends it is entitled to judgment as a matter of law on the issue of whether the statement in the collection letters is in violation of the FDCPA and the Rosenthal Act on the grounds that plaintiff cannot demonstrate the statement at issue is false and misleading. According to defendant, "the record reflects the following: (i) plaintiff has completely failed to present any evidence that the collection letter illegally threatens any action or is misleading or deceptive to anyone, including himself, and (ii) ... Arrow does not have a policy to report debts such as plaintiff's debts to the credit bureaus and in no way seeks to use credit reporting as a means to illegally collect debts." Doc. # 92 at 7. In support, defendant primarily relies upon the deposition testimony of plaintiff Gonzales which defendant contends contradicts plaintiff's claims. Plaintiff Gonzales testified as follows:

Q. And when you were asking the question what was your intention? Were you asking them if you were legally required to pay?

A. Yes.

Q. You said you also asked them if they could report the debt?

A. Yes.

Q. And what did they say to that?

A. They did not give a yes or no answer.

Q. But you knew they couldn't?

A. Yes, It was common sense to me that how—if I could get the debt taken off after seven years, how can they report a 13 year old debt if I can just have it taken off again. That was my basic understanding of it.

Q. So, based on your understanding of what you learned at Morgan, you didn't believe they could report the debt?

A. That is correct.

Q. But they wouldn't give you a straight answer when you asked them this?

A. That is correct.

Q. Did you ever tell them you were going to pay?

A. No.

Q. Did you have any intention of paying?

A. No.

Doc. # 94, Exh. B at 28–29. In addition, plaintiff Gonzales testified that he understood he was not under any obligation to pay the debt and that he knew defendant would not report the debt to the credit bureaus. *See id.* at 35–37. Further, plaintiff Gonzales testified that he was not confused at all by the letter. *Id.* at 42. Defendant contends this testimony contra-

dicts the claims set forth in the FAC and demonstrates that a "least sophisticated debtor" such as plaintiff would not view the statement at bar as a threat to take action defendant was not legally able to take or be misled or confused by the statement. Doc. # 92 at 7, 10. Defendant also contends the interpretation of the collection letters' statement contained in the FAC is "atypical of the 'least sophisticated consumer' standard" because the collection letter's use of the word "if" renders the statement at issue "purely innocuous" and "non-threatening" due to its conditional nature. *Id.* at 11.

Plaintiff argues, in opposition, that "[t]he experience and knowledge of Mr. Gonzales is not relevant to the question of whether the FDCPA was violated," claiming that "[w]hether the plaintiff/debtor (Mr. Gonzales) was 'actually duped' by the debt collector's conduct is irrelevant to proving liability under the FDCPA." Doc. # 107 at 2–3 (citing *Stewart v. Slaughter,* 165 F.R.D. 696, 699 (M.D.Ga.1996)). Plaintiff explains that "even if the collection letter was not received or read, the FDCA may be violated" because there is no need to present evidence of actual deception to establish a violation. *Id.* at 2–3 (citing *Mahon v. Credit Bureau, Inc.,* 171 F.3d 1197 (9th Cir.1999); *Kuhn v. Account Control Technology,* 865 F.Supp. 1443 (D.Nev.1994); *United States v. National Financial Services,* 98 F.3d 131, 139 (4th Cir.1996)). Plaintiff also contends, in response, that the letters' use of the word "if" does not save defendant because similar equivocal language has been found to constitute an impermissible threat under the FDCPA and this Court, in its prior order, found the language actionable because it implied a threat and was misleading or deceptive.[1] *Id.* at 2–4 (citing *Uyeda v. J.A. Cambece Law Office, P.C.,* 2005 WL 1168421 *4 (N.D.Cal.2005)(finding the use of the word "might" misleading)).

In reply, defendant points out that none of the cases cited by plaintiff involved a plaintiff who testified that the disputed letter did not confuse or mislead him as did the plaintiff in this case. Doc. # 111 at 1. Defendant contends that "it is particularly troubling to think that a debtor can bring a lawsuit against a debt collector claiming that language in a collection letter is 'false or misleading' yet, unequivocally testify that he was not, in fact, confused or misled by the letter." *Id.* at 2. Defendant claims plaintiff's contradictory deposition testimony, coupled with the lack of evidence to support any consumer confusion concerning the statement at issue, requires summary judgment be entered in defendant's favor. *Id.* at 2–3. Defendant also contends that this Court's prior ruling on defendant's motion to dismiss is not binding here because, on summary judgment, "this Court ... requires some showing that the disputed letter caused plaintiff to be misled or deceived" and plaintiff has failed to do so. *Id.* at 3; *see also* Doc. # 92 at 7 (Defendant "now asks this Court to evaluate the evidence (or lack of) purported to support plaintiff's claims and decide the law" as opposed to determining whether plaintiff can prove any set of facts

---

1. In regards to defendant's contention that the language in the letter cannot be considered threatening, this Court found "that, even though the letters here do not contain an express threat to inform the credit bureaus of settlement, the implication that the status of the debt may have already been or may, at some later date, be submitted to the credit bureaus is actionable under the Act." Doc. # 11 at 4. This Court also found the language misleading or deceptive because, without any explanation detailing what debts are likely to be reported or even if the subject debt is one that is reportable, "the least sophisticated debtor could likely believe his [or her] debt is reportable just because the letters indicate the credit bureaus will be notified." *Id.* at 5–6.

entitling him to relief as is required on a motion to dismiss).

Although it is "troubling" plaintiff Gonzales admits he was not "duped" by the language contained in the collection letter at issue, that fact is not fatal to plaintiff's claims. Considering the fact that plaintiff Gonzales has had previous work experience in mortgage lending, *see* Doc. # 94, Exh. B at 21–23, he cannot be considered a "least sophisticated debtor," the viewpoint from which this Court's determination must be based. Therefore, defendant's reliance on the testimony of plaintiff Gonzales provides no support for a determination that the collection letter's language does not violate the FDCPA or the Rosenthal Act. Defendant is correct that plaintiff presents no evidence, through survey, declaration or expert testimony, demonstrating the least sophisticated debtor with debt older than 7 years would have found the language as a threat to take action defendant could not legally take or would have been misled or confused as to whether his debt was reportable. However, this Court is not convinced that plaintiff is required to produce such evidence to support the claim.

The cases that have addressed whether a collection letter's language violates Section 1692e's provisions have done so without looking at extrinsic evidence. *See, e.g., Wade,* 87 F.3d at 1100 (determining language in collection notice not threatening nor containing a false representation based solely on the Court's interpretation of the notice); *Dupuy v. Weltman, Wienberg & Reis Co.,* 442 F.Supp.2d 822, 826–27 (N.D.Cal.2006)(comparing language in collection letter to language found by other courts as threatening in determining whether to grant a motion to dismiss); *Khosroabadi v. North Shore Agency,* 439 F.Supp.2d 1118, 1124 (S.D.Cal.2006)(finding collection letter not false, deception or misleading based solely on the Court's

reading of the language contained in the letter); *Gostony v. Diem Corporation,* 320 F.Supp.2d 932, 941 (D.Ariz.2003)(denying summary judgment on the grounds that the collection letter language was not threatening on its face); *Marchant v. U.S. Collections West, Inc.,* 12 F.Supp.2d 1001, 1006 (D.Ariz.1998)(granting summary judgment in plaintiff's favor simply because "[t]here is no question that the filing of the application for garnishment (the threatening act) fulfills this low standard."). This Court has unearthed no case in which the plaintiff was required to present evidence, such as a survey as suggested by defendant, *see* Doc. # 111 at 2, to support the Court's finding in plaintiff's favor under the "least sophisticated debtor" standard. Therefore, defendant's argument that the lack of evidentiary support requires summary judgment be entered in defendant's favor is meritless.

Because defendant's arguments in support of its motion for summary judgment have no merit, this Court finds defendant has failed to meet its initial burden on summary judgment by "pointing out through argument[ ] the absence of evidence to support the plaintiff's claims." *Devereaux,* 263 F.3d at 1076. Accordingly, defendant's motion for summary judgment is DENIED.

### 2. Plaintiff's Motion for Partial Summary Judgment

■ Plaintiff moves for partial summary judgment on the same issue presented by defendant, whether defendant is liable for violations of the FDCPA and the Rosenthal Act. According to plaintiff, because this Court has previously found the language contained in the collection letter is misleading and deceptive, plaintiff is entitled to judgment as a mater of law as to the issue of defendant's liability under both Sections 1692e(5) and 1692e(10) the FDCPA as well as under the Rosenthal Act. *See* Doc. # 95 at 2. Plaintiff points out

that there is no dispute as to the content of the form collection letters sent by defendant nor as to whether defendant is a debt collector, the alleged debt is a consumer debt, or that the alleged debt was charged off more than seven years before the letters were sent. *Id.*

Because plaintiff bears the burden of proof at trial, he must present compelling evidence establishing the essential elements of his claim "beyond peradventure" in order to obtain summary judgment in his favor. *One Residential Property at 8110 E. Mohave,* 229 F.Supp.2d at 1047; *Fontenot,* 780 F.2d at 1194; *Calderone v. United States,* 799 F.2d at 259. If plaintiff fails to meet this burden, the inquiry ends and the motion is denied. *One Residential Property at 8110 E. Mohave,* 229 F.Supp.2d at 1048.

### A. Section 1692e(5)

█ In order to demonstrate a violation of Section 1692e(5), the court must determine: (1) whether a debt collector threatened a legal action and, if so, (2) whether the action threatened could legally be taken or whether the debt collector harbored an intent to carry out the action. *Irwin,* 112 F.Supp.2d at 950 (citing *Newman v. Checkrite California, Inc.,* 912 F.Supp. 1354 (E.D.Cal.1995)). Plaintiff claims that, here, the language of the letters referring to credit bureaus could be viewed by the least sophisticated debtor as a threat to take action which defendant cannot legally take or never intended to take, that is, reporting debt to credit bureaus that had been charged off more than seven years previously. Doc. # 95 at 11. Plaintiff points out the evidence sufficiently demonstrates defendant's practices do not include reporting the payment of debt older than seven years and that defendant had no intention of reporting such debt pay-

ment to any credit reporting agency. *Id.* (citing Doc. # 98 (Pltff's Notice of Lodgment), Exh. D at 2, Exh. E at 3–4). Therefore, plaintiff contends both elements of Section 1692e(5) are met and judgment should be entered in plaintiff's favor on this issue.

Notably, in opposition, defendant does not dispute that its practice does not include reporting debts that are more than seven years old or that it never had an intention to report such debts. Instead, defendant disputes plaintiff's interpretation of the language at bar, arguing that plaintiff's interpretation "defies common sense rationale and appears bizarre and idiosyncratic—the very sort of interpretation inconsistent with that of the 'least sophisticated consumer.'" Doc. # 109 at 2 (citing *White v. Goodman,* 200 F.3d 1016, 1020 (7th Cir.2000); *Wan v. Commercial Recovery Systems, Inc.,* 369 F.Supp.2d 1158, 1162 (N.D.Cal.2005)(The "FDCPA 'does not extend to every bizarre or idiosyncratic interpretation' of a collection notice but 'does reach a reasonable interpretation of a notice by even the least sophisticated.'")). Defendant notes that plaintiff interprets the language as "promising" to notify the credit bureaus while also contradictorily claiming it contains an express condition on future action which would "preclude[ ] a claim that the language amounts to a promise." *Id.* Plaintiff responds, in reply, by describing defendant's interpretation of the language as concealing "an actual threat" by labeling it as an " 'affirmative statement.'" Doc. # 110 at 4.

This Court need not determine which party's interpretation is more appropriate because the only interpretation of the language that is relevant to the Court's decision in this case is that of the hypothetical least sophisticated debtor.[2] In the Court's

---

**2.** Because the least sophisticated debtor's

viewpoint is the only relevant viewpoint this

prior order denying defendant's motion to dismiss, this Court found that the least sophisticated debtor would interpret the language in the letters as implying "that the status of the debt may have already been or may, at some later date, be submitted to the credit bureaus." Doc. # 11 at 4. This Court, however, stopped short of finding that the language, as viewed by the least sophisticated debtor, implied a threat to take an action that defendant could not legally or never intended to take. Instead, the Court found the facts presented by plaintiff, taken as true for purposes of that motion, were sufficient to support a claim for a violation of Section 1692e(5) based on the implication that defendant may have already, or will in the future, report the debt to the credit bureaus regardless of whether the reporting would place a positive or negative notation on the debtor's credit report. *See id.*

This Court's view of the language at bar has not changed since that ruling. Although defendant is correct in that the standard used for determining whether to grant a motion to dismiss under Rule 12(b)(6) is different than that used in ruling on a motion for summary judgment under Rule 56, *see* Doc. # 109 at 5, the result in this case is the same using either standard. For purposes of the instant motion, this Court must determine if, based on the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," whether plaintiff has shown that there is no genuine issue as to any material fact and, thus, is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The evidence presented establishes that defendant's practices do not include reporting debts that are older than seven years and defendant admits it never intended to report such

debts. *See* Doc. # 98, Exh. D at 2, Exh. E at 3–4. Thus, it is clear that there are no genuine issues of material fact to be resolved as to defendant's liability under Section 1692e(5). Therefore, the only determination left for this Court is to decide whether the language at issue would be seen by the least sophisticated debtor as threatening an action defendant could not legally or did not intend to take.

The parties cite various cases in support and in opposition to plaintiff's motion concerning Section 1692e(5). *See* Doc. # 95 at 10 (citing *Baker v. C.G. Services Corp.,* 677 F.2d 775, 778–79 (9th Cir.1982); *Swanson,* 869 F.2d at 1227–28; *Irwin,* 112 F.Supp.2d at 950–51); Doc. # 109 at 3–4 (citing *Dunlap v. Credit Protection Ass'n, L.P.,* 419 F.3d 1011, 1012 (9th Cir.2005)(per curiam); *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.,* 290 F.3d 1055, 1056–57 (9th Cir.2002)(per curiam); *Pressley v. Capital Credit & Collection Servs.,* 760 F.2d 922, 925 (9th Cir.1985)(per curiam); *Terran,* 109 F.3d 1428; *Wade,* 87 F.3d 1098; *Hapin,* 428 F.Supp.2d 1057; *Khosroabadi,* 439 F.Supp.2d 1118). However, none of the cases cited by either party is on all fours with the language at bar here because the facts are distinguishable from the facts in this case or the court did not address the same legal issue as presented here. Plaintiff's cited cases involved threats of legal action, *i.e.,* filing a lawsuit, involving an attorney or continuing collection procedures. *See, e.g., Baker,* 677 F.2d at 778–79 (refer to attorney); *Swanson,* 869 F.2d at 1226 (complete investigation of employment); *Irwin,* 112 F.Supp.2d at 951–55 (lawsuit); Although defendant's cases do not speak to legal action, the cases involved determinations under different FDCPA provisions. *See, e.g., Renick,*

Court considers in making its determination, defendant's arguments concerning plaintiff Gonzales' contradictory testimony at his de-

position are not persuasive. *See* Doc. # 109 at 5.

290 F.3d at 1056–57 (Section 1692g); *Pressley,* 760 F.2d at 925 (Section 1692e(11)); *Terran,* 109 F.3d at 1431–33 (Section 1692g); *Hapin,* 428 F.Supp.2d at 1059 (false, deceptive or misleading presumably under Section 1692e(10)); *Khosroabadi,* 439 F.Supp.2d at 1123–24 (same).

This Court finds none of these cited cases persuasive here. Only one of the cases cited could arguably be considered analogous to this case. The Ninth Circuit, in *Wade,* addressed a collection letter that had language concerning non-legal action. *See Wade,* 87 F.3d at 1099. The language at issue, "If not paid TODAY, it may STOP YOU FROM OBTAINING credit TOMORROW. PROTECT YOUR CREDIT REPUTATION. SEND PAYMENT TODAY," was found to be informational and, thus, not threatening. *Id.* at 1100. The language in this case has no informational quality to it and, thus, the *Wade* case is also not helpful here.

This Court has found, in its own independent research, a case in which similar language was addressed but the court did not focus on the similar language. Instead, it focused on additional language used that could be construed as threatening legal action. *See Perretta v. Capital Acquisitions & Management Company,* 2003 WL 21383757 *3–4 (N.D.Cal.2003)(discussing oral threat that "failure to agree to make payment would result in the debt being reported to the credit bureaus" along with threat that "further steps would be taken" if debtor did not work with debt collector). Based on the Court's thorough review, this Court finds that the case law in this area provides no aid in this Court's determination of the issue at bar.

As this Court previously found, it is clear that the least sophisticated debtor would consider the language at bar a threat. This Court finds that the least sophisticated debtor would not only view the language as indicating his or her debt could be reported as a positive item on the debtor's credit report if payment is made but would also, conversely, view the language as indicating, if payment is not made, that the debt could also be reported as a negative item. Because the evidence establishes defendant cannot report such debts and defendant admits it never had any intention to report such debts, this Court finds the language at bar violates Section 1692e(5). Accordingly, this Court finds plaintiff is entitled to judgment as a matter of law as to defendant's liability on this claim.

**B. Section 1692e(10)**

Plaintiff also moves for partial summary judgment on the issue of defendant's liability in regards to Section 1692e(10). Plaintiff claims that a "collection notice is deceptive [and therefore violative of Section 1692e(10) ] when it can be reasonably read to have two or more different meanings, one of which is accurate." Doc. # 95 at 12 (citing *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir.1996)). Plaintiff also claims that if a notice is "reasonably susceptible to an inaccurate reading," it is deceptive in violation of Section 1692e(10). *Id.* Plaintiff contends that defendant's "promise to report information to the appropriate credit bureaus . . . used false representations and deceptive means" in violation of Section 1692e(10). *Id.* Defendant's only argument in opposition to plaintiff's motion is that plaintiff Gonzales' deposition testimony contradicts plaintiff's claim. *See* Doc. # 109 at 6. However, as this Court explained previously, the least sophisticated debtor is the only viewpoint that is relevant and, therefore, plaintiff Gonzales' testimony that he was not confused or misled by the language at bar provides no support for defendant.

This Court finds that the least sophisticated debtor would find the language in the letters misleading and deceptive[3] because, as the Court stated previously, "the least sophisticated debtor could likely believe his debt is reportable just because the letters indicate the credit bureaus will be notified." Doc. # 11 at 6. This Court, again, has not altered its earlier views on this issue. Defendant presents no evidence or argument to dispute this interpretation of the language as viewed by the least sophisticated debtor. Therefore, based on the reasoning previously presented, this Court finds plaintiff is entitled to judgment as a matter of law on the issue of defendant's liability under Section 1692e(10).

## C. The Rosenthal Act

▉ Plaintiff further contends that, because defendant's letter violates Section 1692, it must necessarily be found in violation of the Rosenthal Act. Doc. # 95 at 12. Under the Rosenthal Act:

No debt collector shall collect or attempt to collect a consumer debt by means of ... [t]he false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency.

Cal.Civ.Code § 1788.13(f). Plaintiff claims the letter at bar contains language that is clearly in violation of this statute and, because Section 1788.17 of the Rosenthal Act incorporates Section 1692k, which provides for class action as a remedy and strict liability as the standard of law, judgment

should be entered in plaintiff's favor on this claim also. Doc. # 95 at 14. Defendant rests its opposition on the reasoning it presented in opposition to plaintiff's Section 1692e(5) claim which this Court has already rejected. See Doc. # 109 at 7. Therefore, this Court finds plaintiff is entitled to judgment as a matter of law on the issue of defendant's liability under the Rosenthal Act.

## 3. Defendant's Motion to Decertify the Class

### a. Legal Standard

▉ This Court may, at its discretion, decertify a class if the requirements of Federal Rule of Civil Procedure 23 are not satisfied. *O'Connor v. Boeing North American, Inc.*, 197 F.R.D. 404, 409–10 (C.D.Cal.2000). The burden is on the party seeking decertification to demonstrate the elements of Rule 23 have not been established. *Slaven v. BP America, Inc.*, 190 F.R.D. 649, 651 (C.D.Cal.2000). The standards used for determination of class certification, contained in Rule 23 of the Federal Rules of Civil Procedure, are applied in determining whether to decertify a class. *O'Connor*, 197 F.R.D. at 410. Rule 23(a) has four requirements which all must be met: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed.R.Civ.P. 23(a). In addition, a party seeking class certification must meet one of the three criteria listed in Rule 23(b). Rule 23(b) provides that a party may maintain a class action if:

---

**3.** Plaintiff, in his reply, refers the Court to a case cited in his opposition to defendant's motion to dismiss in which the court found the same language deceptive and misleading which this Court finds persuasive. *See* Doc. 110 at 9 (citing Doc.# 8, Exh. N) (*Redd v. Arrow Financial*, Civil Case No. 03C1341, Doc. # 27 at 2 (N.Dist.Ill. July 23, 2003)("The plaintiff's allege that the defendant's state-

ment that, if they paid money on account of the debt, credit bureaus would be notified is misleading in that it suggests to the unsophisticated consumer that a credit bureau could report the payment, when that is not currently permissible under the law... [I]t is clear that the letter could be construed as deceptive, misleading or false under the FDCPA.")).

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

 (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

 (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed.R.Civ.P. 23(b). To prevail on its decertification motion, defendant faces a heavy burden because " 'doubts regarding the propriety of class certification should be resolved in favor of certification.' " *Slaven*, 190 F.R.D. at 651 (quoting *Groover v. Michelin North Am., Inc.*, 187 F.R.D. 662, 670 (M.D.Ala.1999)).

#### b. Analysis

 Based on plaintiff Gonzales' deposition testimony discussed previously, defendant moves for decertification on the grounds that the requirements of adequacy of representation and typicality are no longer met here. In addition defendant contends that decertification is appropriate pursuant to the "one-way intervention rule."

#### 1. Adequacy of Representation

 Rule 23(a)(4) requires that the plaintiff establish he will "fairly and adequately protect the interests of the class." Two questions are addressed when determining whether a party can adequately represent a class: (1) whether the named plaintiffs and their counsel have any conflicts of interest with the other class members; and (2) whether the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998). A "sharing of interests between representatives and absentees" is also a consideration. *Molski v. Gleich*, 318 F.3d 937, 955 (9th Cir.2003) (citations omitted). A class representative must suffer in the same manner as the other class members to adequately represent the class. *Id.*

Defendant contends that plaintiff Gonzales' deposition testimony demonstrates there is no sharing of interests between himself and the remainder of the class. Doc. # 88 at 5. As explained previously, plaintiff Gonzales testified at his deposition that, due to his prior experience working as a mortgage broker, he was not misled or confused by the language that is the subject of the instant suit. *See* Doc. # 90, Exhs. A–6, A–7, A–8. Defendant contends this knowledge demonstrates plaintiff Gonzales is not an adequate representative of the class. Doc. # 88 at 8 (citing *Savino v. Computer Credit, Inc.*, 173 F.R.D. 346, 356 (E.D.N.Y.1997)(deeming plaintiff an inadequate representative due, in part, to deposition testimony that did not support the allegations in the complaint)).

Plaintiff, in opposition, first points out that, in the sole case cited by defendant, there was an inconsistency between the pleadings and the plaintiff's testimony (a "flip-flop" on whether the plaintiff actually received the letters at issue), which is not present here. Doc. # 113 at 8. According

to plaintiff, "there are no inconsistencies between Mr. Gonzales' deposition testimony and the allegations set forth in the original or First Amended Complaint" because the complaint "properly alleges the practices prohibited by the FDCPA and CA FDCPA and that Arrow's letters are misleading to the unsophisticated consumer." *Id.* (citing FAC ¶ 15). As plaintiff argued previously, plaintiff claims the deposition testimony concerning plaintiff Gonzales' knowledge has no bearing on a determination of whether defendant's letters are false, misleading or deceptive to the least sophisticated debtor. *Id.* at 7–8. In addition, plaintiff contends plaintiff Gonzales' knowledge that his debts could not be reported enhances rather than deters from his ability to serve as an adequate class representative, inferring that the alleged deception at issue might not have been discovered if plaintiff Gonzales' knowledge had mirrored that of the least sophisticated debtor. *Id.* at 9.

In reply, defendant contends that the least sophisticated debtor standard is not applicable in determining adequacy of a class representative for certification purposes. Doc. # 115 at 3–4. Defendant contends "adequacy requires that the class representative 'be part of the class and possess the same interest and suffer the same injury as the class members.'" *Id.* at 4 (quoting *Molski,* 318 F.3d at 955). Defendant disputes that plaintiff Gonzales' receipt of the collection letters is enough to establish his adequacy as a class representative. *Id.* at 5. According to defendant, "if . . . the only thing a court must do when determining whether to certify a class in an FDCPA claim is to apply the least sophisticated debtor standard, no plaintiff's testimony or individual claim would ever be relevant." *Id.*

Although plaintiff presents no authority to support his position and this Court has found none through its own independent research, this Court is unconvinced that plaintiff Gonzales' knowledge concerning the reportability of his own debt and admission that he was not misled by the letter would have an effect on a determination of whether the least sophisticated debtor (who is obviously not Mr. Gonzales) would have been deceived or misled by the language at issue. The lone case cited by defendant to support its contention is not persuasive because the case turned on the plaintiff's conflicting testimony regarding receipt of the collection letter, not on the plaintiff's knowledge of the propriety of the content of the letter as here. *See Savino,* 173 F.R.D. at 356. Thus, this Court finds defendant's arguments lack merit and, therefore, defendant has failed to meet its heavy burden of demonstrating Rule 23(a)(4)'s adequacy requirements have not been established. *Slaven,* 190 F.R.D. at 651.

### 2. Typicality

Defendant further contends plaintiff Gonzales does not meet the typicality requirement of Rule 23(a)(3) which requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R.Civ.P. 23(a)(3). The typicality and commonality requirements tend to merge. *General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). A class representative's claims will be considered typical:

> if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*Armstrong v. Davis,* 275 F.3d 849, 869 (9th Cir.2001). Defendant contends that "[g]iven Gonzales' aforementioned testimony, he simply cannot testify in support of his allegations" concerning the alleged false, misleading or deceptive language in the letters. Doc. #88 at 10. Defendant argues that plaintiff Gonzales' testimony demonstrates he "did not have the same or similar injuries to the other members of the class since he was readily aware that no recourse could be taken against him." *Id.* at 11. Defendant claims plaintiff Gonzales will be precluded from presenting legal argument or testifying at trial concerning the "allegedly confusing, false, deceptive or misleading nature of the ... letters since he has unequivocally stated that he was neither misled nor threatened by the ... letters." *Id.* Defendant points, in support, to a case in which a court denied class certification based on similar deposition testimony by the proposed class representative, finding no typicality present. *Id.* (citing *Turner v. Diversified Adjustment Service, Inc.,* 2000 WL 748124* 1–2 (N.D.Ill.)).

In opposition, plaintiff first disputes the persuasiveness of the *Turner* case because the proposed representative plaintiff's inadequacy was determined based upon more than just the deposition testimony. Doc. #113 at 8. Plaintiff further responds by pointing out that courts, including this Court in its prior certification order, have found the fact that the representative plaintiff received the same collection letter sufficient to demonstrate typicality. *Id.* at 10 (citing *Gonzales v. Arrow Financial Services, LLC.,* 233 F.R.D. 577, 582 (S.D.Cal.2006) (Doc. #46 at 5)(citing *Abels v. JBC Legal Group, P.C.,* 227 F.R.D. 541,

545 (N.D.Cal.2005)); *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665, 668 (M.D.Fla. 1999)("To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter."); *Silva v. National Telewire Corp.,* 2000 WL 1480269 *2–3 (D.N.H.)(finding typicality because "the plaintiff's and the class's claims arise from the defendant having sent the same debt collection letters resulting in the same alleged violations of the Act.")). In reply, defendant urges the Court to rely upon the reasoning in *Turner,* pointing to the *Turner* court's finding that the deposition testimony concerning the plaintiff's lack of confusion was "considerably more troublesome" than the other facts that weighed in favor of denying class certification.[4] Doc. #115 at 7 (citing *Turner,* 2000 WL 748124 at *2).

Based on this Court's review of the case authority cited, this Court is persuaded that typicality is sufficiently established if the class representative received the same collection letters as the class members. There is no dispute that plaintiff Gonzales received the same collection letters as the remainder of the class. Therefore, this Court finds defendant has failed to meet its heavy burden of demonstrating Rule 23(a)(3)'s typicality requirement has not been met.

### 3. One–Way Intervention Rule

■■■■ Lastly, defendant moves for decertification based on the "one-way intervention rule." The "one-way intervention rule" allows for decertification if potential class members are given the opportunity to "await ... final judgment on the merits in order to determine whether partic-

---

**4.** Defendant also argues in reply that the fact plaintiff Gonzales seeks declaratory relief, a remedy defendant claims is not available under either the FDCPA or the Rosenthal Act, weighs in favor of decertification. *See* Doc. #115 at 8. However, defendant further notes

the issue of whether declaratory relief is an available remedy has not yet been decided. *Id.* at 8 n. 3. Because defendant admits it has yet to be determined whether declaratory relief is available to plaintiff, this argument necessarily fails.

ipation [in the class] would be favorable to their interests." *London v. Wal–Mart Stores, Inc.,* 340 F.3d 1246, 1252 (11th Cir.2003)(citing *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 547, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)). Defendant explains that, as of the date the decertification motion was filed, class notice had not yet been sent to the class members but class counsel had circulated a proposed class notice, giving class members until after the summary judgment motion hearing date to opt out of the class. Doc. # 88 at 12. Under those circumstances, defendant contends the "class members [would] have the benefit of waiting to see what happens with respect to the summary judgment motions before determining whether they wish to participate in the class." *Id.* However, defendant's argument has now been rendered moot because class notice was mailed on September 6, 2006 and the opt out deadline of October 16, 2006 has long since passed. Therefore, defendant's argument on this issue fails.

### C. Conclusion

For the reasons set forth above, this Court finds that defendant has failed to meet its burden of demonstrating that the requirements of Rule 23(a)(3) and Rule 23(a)(4) have not been met. This Court further finds that defendant's decertification argument concerning the applicability of the "one-way intervention rule" is now moot. Accordingly, defendant's motion for decertification is DENIED.

### *CONCLUSION AND ORDER*

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment is **DENIED**;
2. Plaintiff's cross-motion for partial summary judgment is **GRANTED in its entirety**; and
3. Defendant's motion to decertify the class is **DENIED**;